DECISION AND JUDGMENT ENTRY
{¶ 1} George Cassidy appeals from a Pike County Common Pleas Court decision that (1) found him in contempt of court for failing to pay his ex-wife's attorney's fees and van repair costs; (2) refused to enter a child support order; and (3) extended spousal support for an additional year. First, he argues that the trial court cannot hold him in contempt for failing to pay the attorney's fees and repair costs because the debts were discharged in bankruptcy. Clearly, if these debts were discharged in bankruptcy, then Mr. Cassidy could not be held in contempt for failing to pay them. Thus, in holding Mr. Cassidy in contempt, the court must have found either (1) that he did not receive a discharge or (2) that the debts were nondischargeable. Unfortunately, the court's decision does not indicate any basis for its contempt finding. Without knowing the reason behind the court's decision, we cannot engage in a meaningful review of it. Thus, we remand this matter for further clarification.
 {¶ 2} Second, Mr. Cassidy argues that the trial court erred in refusing to enter a child support order as a sanction for his purported failure to meet his spousal support obligations. He argues there is no evidence to support the court's finding that he was in arrears on his spousal support obligation. Furthermore, he argues that even if he was behind in his spousal support payments, this would not justify the court's refusal to enter a child support order. In its decision, the trial court stated that it would not issue a child support order until Mr. Cassidy's "spousal support arrears are at zero." However, we have reviewed the record and can find no evidence to support the court's finding that Mr. Cassidy was in arrears on his spousal support obligation. Thus, we reverse this portion of the court's judgment without the necessity of addressing the "linkage" issue and remand for further proceedings.
 {¶ 3} Finally, Mr. Cassidy argues that the trial court erred in modifying spousal support since Ms. Cassidy failed to establish a change in the circumstances of either party. When ruling on a motion to modify spousal support, a trial court must set forth the basis for its decision with enough detail to allow for proper appellate review. In this case, the court offered no explanation for its decision to modify spousal support. In particular, it failed to identify the change of circumstances that gave rise to the modification. We will not search the record in this matter to see if it supports a finding that the court failed to make. As there is no clear evidence of a change in circumstances and the court failed to make a finding that there had been a change of circumstances, we reverse the court's judgment.
 {¶ 4} George and Regina Cassidy married in 1982. Eighteen years later, in October 2000, the Pike County Common Pleas Court granted the couple a divorce. The court awarded the couple split custody of their two children and ordered Mr. Cassidy to pay $328 per month in child support. The court also ordered Mr. Cassidy to pay Ms. Cassidy spousal support in the amount of $400 per month for a period of five years. As for the other orders in the divorce decree, only two are relevant here: (1) the court ordered Mr. Cassidy to pay one-half of Ms. Cassidy's attorney's fees and (2) the court ordered Mr. Cassidy to reimburse Ms. Cassidy for the cost of repairing her van.
 {¶ 5} In January 2001, Ms. Cassidy filed a motion asking the trial court to hold Mr. Cassidy in contempt for failing to pay her attorney's fees and repair costs. One month later, Mr. Cassidy filed for Chapter 7 bankruptcy. His bankruptcy petition included the debts for the attorney's fees and van repair costs on the schedule for unsecured nonpriority creditors. After filing his petition, Mr. Cassidy notified the trial court of his bankruptcy and invoked the automatic stay provisions of Section 362, Title 11, U.S.Code.
 {¶ 6} Subsequently, Mr. Cassidy filed a motion seeking to modify the child support order. He noted that the couple's oldest child, i.e., the child in Ms. Cassidy's custody, was now emancipated. He stated that although the child support enforcement agency had terminated the earlier child support order, it had not instituted a new order for the remaining minor child. He asked the trial court to order Ms. Cassidy to pay child support for the minor child in his custody.
 {¶ 7} Three months later, Ms. Cassidy filed a motion seeking to modify the court's spousal support order. She alleged that there had been a substantial change of circumstances sufficient to warrant modification of the order. However, she did not elaborate on the nature of those circumstances.
 {¶ 8} The trial court held a hearing on the parties' motions in April 2002. At the hearing, Mr. Cassidy admitted that he had not paid Ms. Cassidy's attorney's fees or van repair costs. However, he claimed that the debts were discharged in bankruptcy.
 {¶ 9} Ms. Cassidy also testified at the hearing. She stated that she has worked as an occupational therapy assistant for the past four and a half years and recently received a slight increase in pay. Additionally, she testified that she recently enrolled in college part time. She testified that it will take about four years for her to complete her schooling. At the hearing, she admitted that her financial situation has not changed with the exception of her school-related expenses, such as tuition and books.
 {¶ 10} Following the hearing, the parties submitted written arguments on the various motions. In November 2002, the court issued a conclusory decision in which it (1) found Mr. Cassidy in contempt of court; (2) extended the spousal support order for an additional year; and (3) refused to consider the issue of child support "until [Mr. Cassidy] has no arrearages in support." The trial court directed Ms. Cassidy's attorney to prepare an entry setting forth the decision. For the next year, the parties argued about the contents of the entry. Finally, in November 2003, the court signed an entry finalizing its earlier decision. Mr. Cassidy now appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
The trial court erred in failing to order child support for the care and maintenance of the parties' minor child.
ASSIGNMENT OF ERROR NO. 2
The trial court erred in finding the defendant in contempt for failing to pay debt which had been discharged in bankruptcy.
ASSIGNMENT OF ERROR NO. 3 The trial court erred in ordering the defendant to pay the attorney fees relative to the plaintiff's motion.
ASSIGNMENT OF ERROR NO. 4
The trial court erred in sentencing the defendant to 30 days in jail.
ASSIGNMENT OF ERROR NO. 5
The trial court erred in its purge order.
ASSIGNMENT OF ERROR NO. 6
The trial court erred in granting both judgment and ordering that said judgment be paid by wage withholding in the amount of $500.00 per month.
ASSIGNMENT OF ERROR NO. 7
The trial court erred in extending spousal support.
 {¶ 11} Because Ms. Cassidy has failed to file an appellate brief or otherwise make an appearance in this appeal, we may accept Mr. Cassidy's statement of the facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain such action. See App.R. 18(C). However, in the interest of justice, we will review the merits of each assignment of error.
 {¶ 12} In his first assignment of error, Mr. Cassidy contends the trial court erred by failing to enter a child support order. He characterizes this failure to make an award as an improper deviation from the child support guidelines because the court failed to make the findings required for a deviation. Mr. Cassidy also contends that there is no evidence in the record to support the court's finding that he was behind in his spousal support payments. Furthermore, he argues that even if he was behind in his spousal support payments, this would not justify a deviation in the child support amount.
 {¶ 13} When reviewing child support issues, we apply an abuse of discretion standard. See Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. An abuse of discretion involves more than an error of law or judgment, it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. See Howland v. Purdue PharmaL.P., 104 Ohio St.3d 584, 589, 2004-Ohio-6552, 821 N.E.2d 141; Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140.
 {¶ 14} Before addressing Mr. Cassidy's arguments, we address two related matters. First, although Mr. Cassidy filed a motion to modify child support, his motion reveals that there was no child support order in place at the time. Therefore, Mr. Cassidy's motion is more properly viewed as a motion to establish child support, rather than a motion to modify it. Second, Mr. Cassidy treats the trial court's decision as a deviation from the child support guidelines. However, we do not view the court's decision this way. In order to deviate from the child support guidelines, a court must first consider the guideline amount of child support. See R.C. 3119.22.[2] That did not happen here. Instead, the trial court refused to consider the issue of child support until Mr. Cassidy's "spousal support arrears are at zero."
 {¶ 15} After reviewing the record, we conclude that there is no evidence to support the court's finding that Mr. Cassidy was in arrears on his spousal support obligation. At the hearing, Mr. Cassidy indicated that he was current in his spousal support payments. Moreover, he testified that he was capable of continuing to pay $400 per month in spousal support. Ms. Cassidy also testified at the hearing. At no time during her testimony did she indicate that Mr. Cassidy was behind in his spousal support payments. Moreover, Ms. Cassidy's trial brief does not claim that Mr. Cassidy was in arrears in his spousal support obligation.
 {¶ 16} Two and a half weeks before the trial court made its decision in this case,[3] Mr. Cassidy filed a motion seeking to terminate spousal support. Attached to his motion was an affidavit in which he stated that he was now unemployed and could no longer afford to pay spousal support. This motion is the only possible thing in the record upon which the court could have based its finding. However, there is no evidence indicating that Mr. Cassidy had ceased paying his spousal support. For all we know, Mr. Cassidy could have continued paying his spousal support obligation while awaiting the court's ruling on his motion.
 {¶ 17} As the record in this case is devoid of any evidence indicating that Mr. Cassidy was in arrears on his spousal support obligation, we conclude the trial court abused its discretion when it refused to consider the issue of child support.
 {¶ 18} Moreover, we have serious concerns about the appropriateness of refusing to enter a child support order because of an arrearage in spousal support. Spousal support and child support are separate and discrete matters. The purpose of spousal support is to provide for the financial needs of the ex-spouse, while the purpose of child support is for support of the child. By refusing to enter a child support order because the obligee is in arrears on his or her spousal support obligation, a court does a disservice to the child. However, our resolution of Mr. Cassidy's argument makes it unnecessary for us to actually determine whether a court could refuse to enter a child support order if the obligee is behind in his spousal support payments to the obligor. Accordingly, we sustain Mr. Cassidy's assignment of error, reverse this portion of the court's judgment, and remand for further proceedings.
 {¶ 19} In his second assignment of error, Mr. Cassidy argues the trial court erred in finding him in contempt of court. A trial court possesses broad discretion in contempt proceedings. See Denovchek v. Bd. ofTrumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362. Thus, we will not reverse a trial court's finding of contempt unless the court abused its discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249. As noted above, an abuse of discretion involves more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary.Blakemore, 5 Ohio St.3d at 218. When applying the abuse of discretion standard, we are not free to substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,559 N.E.2d 1301.
 {¶ 20} Contempt of court is a disregard of, or disobedience to, an order or command of judicial authority. First Bank of Marietta v.Mascrete, Inc. (1998), 125 Ohio App.3d 257, 263, 708 N.E.2d 262. Courts may characterize contempt as either criminal or civil. See Stateex rel. Corn v. Russo, 90 Ohio St.3d 551, 554, 2001-Ohio-15,740 N.E.2d 265. The distinction depends largely upon the character and purpose of the sanction imposed. See Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253, 416 N.E.2d 610. Criminal contempt sanctions are punitive in nature and are designed to vindicate the authority of the court. Russo, 90 Ohio St.3d at 555. Civil contempt sanctions, on the other hand, are remedial or coercive in nature and are for the benefit of the complainant. Brown. A sanction for civil contempt must allow the contemnor an opportunity to purge him or herself of contempt. See Carrollv. Detty (1996), 113 Ohio App.3d 708, 712, 681 N.E.2d 1383. Thus, "[t]he contemnor is said to carry the keys of his prison in his own pocket." Brown.
 {¶ 21} Here, the court found Mr. Cassidy in civil contempt for failing to pay Ms. Cassidy's attorney's fees and van repair costs. Mr. Cassidy argues that the court erred by finding him in contempt for failing to pay these debts because they were discharged in bankruptcy.
 {¶ 22} A discharge in bankruptcy generally relieves a debtor of the responsibility to pay his or her outstanding debts. Certain financial obligations, however, are excepted from discharge, including:
(5) [any debt] to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record * * * but not to the extent that —
* * *
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
* * *
(15) [any debt] not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce of separation or in connection with a separation agreement, divorce decree or other order of a court of record * * * unless —
(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor of a dependent of the debtor * * *; or
(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor; * * *.
Section 523(a), Title 11, U.S.Code. As for the exception in paragraph (15), Section 523(c)(1), Title 11, U.S. Code provides that "the debtor shall be discharged from a debt of a kind specified in paragraph * * * (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph * * * (15) * * * of subsection (a) of this section."
 {¶ 23} Mr. Cassidy stated at the hearing that he had received a discharge in bankruptcy. Likewise, his attorney informed the court that he had received a discharge. However, Mr. Cassidy provided no documentary evidence of his discharge. At the hearing, the parties stipulated to the admission of the entire bankruptcy proceeding and Mr. Cassidy's attorney stated that she would provide the court with a copy of the record. However, there is no indication that the trial court ever received a copy of the proceedings. Thus, the only evidence of Mr. Cassidy's discharge is his testimony to that effect.
 {¶ 24} Although the trial court found Mr. Cassidy in contempt of court, it gave no reason for its finding. Furthermore, the court's decision does not address Mr. Cassidy's claim that the debts at issue had been discharged in bankruptcy. Clearly, if the debts were discharged in bankruptcy, then Mr. Cassidy could not be held in contempt for failing to pay them. See Section 524(a), Title 11, U.S.Code. See, also, Brodnax v.Brodnax (Aug. 21, 1990), Franklin App. No. 90AP-133. Thus, to hold Mr. Cassidy in contempt, the court would had to have found either (1) that Mr. Cassidy did not receive a discharge in the bankruptcy proceeding or (2) that these specific debts were nondischargeable because they were in the nature of alimony, maintenance, or support, see Section 523(a)(5), Title 11, U.S. Code (State and federal courts have concurrent jurisdiction to determine whether debts are nondischargable support obligations under Section 523(a)(5), Title 11, U.S.Code. Barnett v.Barnett (1984), 9 Ohio St.3d 47, 49, 458 N.E.2d 834). Unfortunately, the trial court's decision does not indicate any basis for the decision. Moreover, we refuse to speculate about the reason for the court's decision. Because the court's decision does not allow for meaningful appellate review, we remand this matter for clarification.
 {¶ 25} Mr. Cassidy's next four assignments of error challenge the contempt sanctions imposed by the court. However, since we have remanded the contempt matter for clarification of the court's decision, we need not address these assignments of error at this time.
 {¶ 26} In his final assignment of error, Mr. Cassidy contends the court erred in extending the spousal support order for an additional year since Ms. Cassidy failed to present any evidence to justify modification of the award. Specifically, he argues that she failed to establish a change in the circumstances of either party.
 {¶ 27} A trial court has broad discretion in establishing and modifying a spousal support award. See Schultz v. Schultz (1996),110 Ohio App.3d 715, 724, 675 N.E.2d 55. Thus, we will not reverse a spousal support award absent an abuse of discretion. Id. An abuse of discretion involves more than an error of law or judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore, 5 Ohio St.3d at 218.
 {¶ 28} Under R.C. 3105.18(E), a court that enters a divorce decree lacks jurisdiction to modify the amount or terms of spousal support unless (1) the divorce decree contains a provision specifically authorizing the court to modify the spousal support order and (2) the court determines that the circumstances of either party have changed. In the present case, the trial court specifically retained jurisdiction to modify its spousal support order.
 {¶ 29} In determining whether to modify spousal support, the trial court engages in a two-step analysis. See Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609, 613, 695 N.E.2d 1205. First, the court must determine whether there has been a change in the circumstances of either party. R.C. 3105.18(E). Second, if the court determines that a change of circumstances exists, it must then determine the amount of spousal support that is appropriate and reasonable. See Fallang v. Fallang
(1996), 109 Ohio App.3d 543, 548-49, 672 N.E.2d 730.
 {¶ 30} When ruling on a motion to modify spousal support, a trial court must set forth the basis for its decision with enough detail to allow proper appellate review. See Graham v. Graham (1994),98 Ohio App.3d 396, 399-400, 648 N.E.2d 850. See, also, Smith v.Smith (June 29, 1999), Scioto App. No. 98CA2615. In the present case, the trial court did not set forth the basis for its decision to modify spousal support nor did it specifically find a change in circumstances. The court's judgment entry simply states: "The Court ORDERS defendant's spousal support obligation of $400.00 per month shall be modified as follows. The order shall be extended through October 4, 2006, rather than terminating on October 4, 2005." Thus, the decision does not identify the change of circumstances that gave rise to the modification. Nor does it explain why a one-year extension of spousal support is appropriate and reasonable. We will not glean the record in this matter to see if it supports a finding that the court failed to make.
 {¶ 31} Because there is no clear evidence of a change in circumstances, nor a finding of that prerequisite, we conclude the court erred in modifying the spousal support order. See R.C. 3105.18(E) (Stating that a court does not have jurisdiction to modify the amount or terms of spousal support "unless the court determines that the circumstances of either party have changed * * *."). Accordingly, we reverse this portion of the court's judgment.
 {¶ 32} In summary, we conclude that there is no evidence to support the court's finding that Mr. Cassidy was in arrears on his spousal support obligation and thus, the court erred in refusing to enter a child support award. Additionally, we conclude the court's decision on the contempt issue does not allow for meaningful review. Finally, we conclude that there is no finding or evidence of a change in circumstances and thus, the court erred in modifying spousal support. Accordingly, we reverse the court's judgment and remand for further proceedings.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Please Court, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[2] Mr. Cassidy's brief cites to R.C. 3113.215, the former version of the child support statute. R.C. 3113.215 was repealed, effective March 22, 2001, and replaced with R.C. 3119.01 et seq. Because Mr. Cassidy filed his motion after the new statutes took effect, we apply those statutes in the present case.
[3] We are referring to the conclusory decision filed in November 2002, not the judgment entry filed in November 2003. The judgment entry filed in 2003 merely sets forth the findings in this earlier decision.