DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations division, judgment that denied a motion to modify spousal support filed by William E. Addington, movant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE HEARING ON JULY 14, 2005."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT'S DECISION ABUSED DISCRETION [SIC] TO FIND THAT DEFENDANT/APPELLANT'S CHANGE OF EMPLOYMENT WAS VOLUNTARY."
 {¶ 3} The parties married on December 9, 1978, and divorced on May 17, 2004. The trial court ordered appellant to pay $2,500 as monthly spousal support.
 {¶ 4} In November of 2004, appellant remarried. His new wife has two minor children and lives in Granville, Ohio. Appellant's new wife did not wish to relocate to Portsmouth. Thus, appellant decided to sell his medical practice in Portsmouth, where his annual income was approximately $260,000, and move to Granville. He then located a new position with a medical practice in Zanesville, Ohio, with a $150,000 annual income. On April 27, 2005, appellant filed a motion to modify spousal support and claimed that his reduction in income constituted a sufficient change in circumstances to warrant a spousal support modification.
 {¶ 5} On September 9, 2005, the trial court denied appellant's motion to modify spousal support. The court determined that appellant voluntarily caused the reduction in his income, and, thus, he is not entitled to a spousal support modification.
 {¶ 6} This appealed followed.
 {¶ 7} In his two assignments of error, appellant asserts that the trial court erred by determining that he voluntarily reduced his income.[1] He complains that the trial court essentially "decided that [he] was not entitled to remarry and start his life over." Appellee contends that appellant voluntarily chose to leave his private medical practice and to take a new position with less income in order to accommodate his new family's needs.
 {¶ 8} A trial court possesses broad discretion to determine spousal support issues, including spousal support modification. See Bolinger v. Bolinger (1990), 49 Ohio St.3d 120, 122,551 N.E.2d 157; Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609,612, 695 N.E.2d 1205; Carnahan v. Carnahan (1997),118 Ohio App.3d 393, 397, 692 N.E.2d 1086. Appellate courts should not reverse trial court spousal support modification decisions absent an abuse of discretion. See, e.g., Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140; Foster v.Foster (Sept. 16, 1997), Athens App. No. 96 CA 1767. Under the abuse of discretion standard of review, an appellate court must affirm the trial court's judgment unless the decision is unreasonable, arbitrary, or unconscionable. See, e.g.,Blakemore, 5 Ohio St.3d at 219; Masters v. Masters (1994),69 Ohio St.3d 83, 85, 630 N.E.2d 665. Under this highly deferential standard of review, appellate courts may not freely substitute their judgment for that of the trial court. See, e.g., In reJane Doe 1 (1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181. The party seeking a spousal support modification bears the burden to show that a change of circumstances has occurred. See Revealv. Reveal, 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, at ¶ 14; R.C. 3105.18. A "change of circumstances" includes, but is not limited to, "* * * any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). In Patel v. Patel (Mar. 23, 1999), Athens App. Nos. 98CA29 and 98CA30, we discussed the standard for finding a change in circumstances due to a party's reduction in income as follows:
"To justify a modification of child support, a change in circumstances must be `substantial.' When the changed circumstance is a reduction in the payor's income, the court must not order modification `merely because a party no longer has as much income as he had when the original decree was entered.'Blunden v. Blunden (May 26, 1994), Cuyahoga App. No. 65595. The reduction must be material, not brought on by the party seeking modification, and not contemplated by the parties at the time of the prior spousal support order. In addition, the court must also consider the earning capabilities, as well as the actual earnings of the party seeking modification. * * * The party seeking the modification has the burden of proving a changed circumstance justifying a change in the level of spousal support."
Id. (citations omitted).
 {¶ 9} In the case sub judice, we conclude that the trial court did not abuse its discretion by determining that appellant had not demonstrated a sufficient change in circumstance to warrant a spousal support modification. The trial court determined that appellant voluntarily reduced his income due to a new marriage and a relocation. Appellant voluntarily opted to leave his Portsmouth medical practice and move to Granville, Ohio, where he found a new position with substantially less income. We agree with the trial court that appellant's desire and decision to relocate, and consequent reduction in income, does not constitute an involuntary income reduction. Changes in income within the context of a spousal support modification must be involuntary and not brought on by the payor. See Patel.
 {¶ 10} Thus, we conclude that the court did not abuse its discretion by determining that appellant failed to demonstrate that he is entitled to a spousal support modification. Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] Appellant does not separately argue his two assignments of error. App.R. 16(A)(7) requires an appellant to separately argue each assignment of error. App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Thus, we would be within our authority to summarily overrule appellant's assignments of error and affirm the trial court's judgment. See, e.g., Mortgage ElectronicRegistration Sys. v. Mullins, 161 Ohio App.3d 12,2005-Ohio-2303, 829 N.E.2d 326, at ¶ 22. In the interests of justice, however, we will review the assignments of error.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J.: Dissents with Dissenting Opinion.
Kline, J.: Concurs in Judgment Opinion.