DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant, Sandra L. Bishman, appeals from the decision of the Washington County Court of Common Pleas. She contends the trial court erred in: 1) denying her motion for spousal support and; 2) denying her motion to find Defendant-Appellee, Gary F. Bishman, in contempt. Because Appellant has failed to show a change in circumstances sufficient to warrant a modification of the trial court's decision and because the trial court could have determined spousal support was neither reasonable nor appropriate, her first assignment of error is without merit. Because the *Page 2 
trial court's decision to not hold Appellee in contempt was neither unreasonable, arbitrary nor unconscionable, her second assignment of error is also without merit. Thus, we overrule both of Appellant's assignments of error and affirm the decision of the trial court.
 I. Facts {¶ 2} After nearly forty years of marriage, Sandra and Gary Bishman were granted a divorce in September of 2003. As part of the divorce settlement, the trial court ordered Mr. Bishman (Appellee herein) to pay Mrs. Bishman (Appellant herein) $611 monthly in spousal support, which was one-half of Mr. Bishman's Social Security benefit. Mr. Bishman appealed the trial court's order. Because both federal and state law prohibit the division of Social Security benefits in divorce proceedings, we agreed with Mr. Bishman and reversed the decision of the trial court. The trial court subsequently terminated the order for spousal support, but retained jurisdiction to impose future support, if necessary.
 {¶ 3} In December of 2006, Appellant filed a new motion for spousal support, arguing that, due to health problems and anticipated retirement benefits, she would be unable to adequately provide for herself. She also filed a motion seeking to find Appellee in contempt for not suitably disposing of four cemetery plots owned by the couple, as ordered in the final *Page 3 
entry of divorce. After a hearing on the motions, the trial court found Appellant's request for spousal support was unwarranted. The court further held that Appellee was not in contempt for failure to dispose of the cemetery lots. On June 1, 2007, Appellant filed the current appeal.
 II. Assignments of Error {¶ 4} 1. THE TRIAL COURT ERRED WHEN IT DENIED THE REQUEST FOR SPOUSAL SUPPORT BY THE PLAINTIFF/APPELLANT.
 {¶ 5} 2. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS AN ABUSE OF DISCRETION IN THE FAILURE TO FIND THE DEFENDANT/APPELLEE IN CONTEMPT.
 III. First Assignment of Error {¶ 6} As her first assignment of error, Appellant contends the trial court erred in denying her request for spousal support. Initially, we address the proper standard of review.
 {¶ 7} "It is well-settled that trial courts enjoy broad discretion in awarding spousal support." White v. White, 4th Dist. No. 03CA11,2003-Ohio-6316, at ¶ 21, citing Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83. "A court's decision to award spousal support will not be reversed on appeal absent an abuse of discretion." White
at ¶ 21, citing Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24,550 NE.2d 178. Under the abuse of discretion standard of review, a reviewing court must affirm the *Page 4 
decision of the trial court unless it is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 O.B.R. 481, 450 N.E.2d 1140; Addington v. Addington, 4th Dist. No. 05CA3034, 2006-Ohio-4871, at ¶ 8. "Under this highly deferential standard of review, appellate courts may not freely substitute their judgment for that of the trial court." Addington at ¶ 8. "Indeed, to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." White v. White, 4th Dist. No. 03CA11, 2003-Ohio-6316, at ¶ 25.
 {¶ 8} Appellant contends a change in her circumstances warrants the award of spousal support. She does not contest our earlier ruling that Appellee's Social Security benefit, under federal and state law, may not be divided in divorce proceedings.
 {¶ 9} Appellant testified that she ended her employment with Athens County Job and Family Services on February 1, 2007. She had been experiencing back problems for several years prior to her retirement. Due to these back problems, she experiences pain and occasional numbness in her *Page 5 
right arm. Under cross-examination, Appellant testified as to the circumstances of her retirement:
 Q: You indicated that you had not had any doctor indicate to you that you are disabled, correct?
 A: That's correct. I haven't asked for or been diagnosed disabled.
 Q: Okay. And you also told me that your — that your retirement was voluntary; it wasn't involuntary, correct?
 A: Yes. They didn't ask me to retire. Quite the contrary.
 {¶ 10} Appellant further testified regarding her employment as follows:
 Q: And you would agree with me, that all these charges and everything that you've talked about, would be far easier to pay, if you were still making [her previous salary], correct?
 A: The expenses?
 Q: Yes.
 A: Yes, if I were able to work.
 Q: But you voluntarily retired, and you're not disabled?
 A: I voluntarily retired, and I'm not disabled, but I did that-
 Q: Thank you. Nothing further.
 A: — because I didn't feel I was doing performance work.
 {¶ 11} At the time of the hearing, Appellant had moved into the home of a friend, Mr. Kish, and been living there for a year. Appellant testified that she and Mr. Kish were currently engaged. When questioned as to what expenses she and Mr. Kish shared, Appellant stated that they both *Page 6 
paid for Mr. Kish's house's mortgage, utilities and food. "We try to split everything down the middle, half." Appellant also testified that Mr. Kish had made arrangements so that, upon his death, the house's mortgage would be paid off. Additionally, Mr. Kish set up a trust so that, upon his death, Appellant's granddaughters would share equally in the value of the home with Mr. Kish's granddaughters. Further, upon Mr. Kish's death, Appellant has the right to live in the house as long as she chooses.
 {¶ 12} Determining whether a modification of spousal support is warranted requires a two-step analysis. First, the moving party must demonstrate a change of circumstances. "The party seeking a spousal support modification bears the burden to show that a change of circumstances has occurred." Addington at ¶ 8. "A `change of circumstances' includes, but is not limited to, `* * * any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.' Id., citing R.C. 3105.18(F).
 {¶ 13} If a change of circumstances has occurred, the court then decides if spousal support is appropriate and reasonable based on the following factors listed in R.C. 3105.18(C)(1): "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
of the *Page 7 
Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1). *Page 8 
 {¶ 14} In the case sub judice, Appellant states there is a change of circumstances in that she has had a reduction in income due to retirement. When modification of spousal support is based on reduction of income, we have stated "[t]he reduction must be material, not broughton by the party seeking modification, and not contemplated by the parties at the time of the prior spousal support order." Patel v.Patel (March 23, 1999), 4th Dist. Nos. 98CA29, 98CA30, at *4 (emphasis added). "[T]he alleged change in circumstances must not have been purposely brought about by the party seeking modification." Lust v.Lust (Oct. 28, 1992), 4th Dist. No. 1991, at *1.
 {¶ 15} Though Appellant suffers from back pain, she admits that she voluntarily chose to give up her employment. She testified that she is not disabled and that no doctor has ever diagnosed her as such. In addition to the back pain, she stated that she retired due to insurance considerations and the fact that she was not personally satisfied with her job performance. However, though she stated she felt she was no longer "doing performance work," her employer did not ask her to retire. In fact, she said it was "quite the contrary." In light of such testimony, the trial court could have reasonably determined that Appellant's reduction in income was brought about by her own action in voluntarily retiring. Thus, pursuant to Patel and *Page 9 Lust, because Appellant voluntarily brought about her own reduction in income, her change of circumstances are not sufficient to warrant a modification of spousal support.
 {¶ 16} Even had Appellant been able to establish the required change of circumstances, the trial court had ample evidence to decide, under factors listed in R.C. 3105.18(C)(1), that spousal support was neither appropriate nor reasonable. The court first determined that Appellant was not availing herself of potential investment income. At the time of the hearing, Appellant had approximately $67,000 in an IRA and $60,000 in an annuity as a result of the property division. Between these two accounts, the court determined she could generate an additional $500 to $700 a month, in secure investments, without invading the principal.
 {¶ 17} The court also considered the substantial benefits Appellant received by living with Mr. Kish. After the divorce was finalized and approximately a year before the hearing under appeal, Appellant moved into Mr. Kish's home. The trial court found Appellant was receiving support from Mr. Kish, though the total amount she received was undetermined. In addition to the benefits received by splitting living costs with Mr. Kish, under the trust he arranged, Appellant and her granddaughters are beneficiaries of his property. Additionally, Appellant testified that Mr. Kish *Page 10 
provided her money for a car. She also testified that they had taken numerous vacations, including a cruise and a trip to Hawaii.
 {¶ 18} In light of the foregoing, we find the trial court did not abuse it's discretion in denying Appellant's motion for spousal support. The trial court could have reasonably concluded that Appellant voluntarily brought about her own reduction in income. Thus, her change in circumstances are insufficient to modify spousal support. Further, even had Appellant demonstrated the requisite change in circumstances, after considering the evidence and the factors listed in R.C.3105.18(C)(1), the court could have reasonably concluded that an award of spousal support was unwarranted. Nothing in the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, Appellant's first assignment of error is overruled.
 IV. Second Assignment of Error {¶ 19} In her second assignment of error, Appellant contends the trial erred in not finding Appellee in contempt. Under the terms of the divorce, Appellee was ordered to sell four cemetery lots and divide the proceeds equally between the parties and, should the lots not be sold, each of the parties was to receive title to two of the lots. Appellee failed to sell the lots *Page 11 
and Appellee filed a motion to find him in contempt for violating the divorce entry.
 {¶ 20} The proper standard of review when reviewing contempt proceedings is the abuse of discretion standard. Bryant v. Bryant, 4th Dist. No. 04CA9, 2005-Ohio-1297, at ¶ 16. As stated in the previous assignment of error, under this standard, an appellate court must affirm the trial court's decision unless it is unreasonable, arbitrary, or unconscionable. Blakemore at 219. Contempt may be defined as "the disobedience or disregard of a court order or a command of judicial authority." Bryant at ¶ 16. "It involves conduct that engenders disrespect for the administration of justice or that tends to embarrass, impede or disturb a court in the performance of its function." Id.
 {¶ 21} Due to contractual restrictions, the four cemetery lots in question have a maximum resale value of $250 each. The trial court heard evidence that Appellee did make some attempt to sell the lots. Appellee testified that he met with the cemetery caretaker in an attempt to do so. "[The caretaker] says, if somebody wants them, you know, I — I will tell them they're down on the level where they're — and things like that, but they won't — they won't advertise or — he took my name and phone number, and hung it on a nail, and he says, if somebody wants those lots, I'll be in touch *Page 12 
with you." During the hearing, Appellee told the court he was more than willing to transfer all the lots to Appellant. In such circumstances, we do not think the trial court's decision not to hold Appellee in contempt was unreasonable, arbitrary, or unconscionable. As such, Appellant's second assignment of error is also overruled.
 V. Conclusion {¶ 22} In our view, Appellant has failed to establish either of her assignments of error. The trial court's decision to deny both her motion for spousal support and her motion to find Appellee in contempt was not an abuse of discretion. Under this highly deferential standard of review, none of Appellant's arguments require us to reverse the trial court's decision. As such, we overrule both assignments of error and affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1