[Cite as *Murphy v. Murphy*, 2010-Ohio-5037.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

SHERRI (AKA SHERRY) MURPHY, :

    Plaintiff-Appellant, : Case No: 09CA28

    v. :

     : **DECISION AND**
TED MURPHY, JR., : **JUDGMENT ENTRY**

    Defendant-Appellee. : File-stamped date: 10-4-10

---

**APPEARANCES:**

Carol Jean Hampton, Ironton, Ohio, for Appellant.

Brigham M. Anderson, Ironton, Ohio, for Appellee.

---

Kline, J.:

**{¶1}** Sherri Murphy appeals the trial court's judgment of divorce. On appeal, she contends that the trial court erred by failing to value the marital residence correctly and thus, failing to credit her with the residence's appreciation during the time of the marriage. Sherri testified that the residence was worth $145,000 but the trial court found that it was worth $110,000. Because we find that competent, credible evidence supports the trial court's valuation of the residence, we disagree. Sherri next contends that the trial court abused its discretion by declining to award spousal support because the court failed to consider all fourteen factors in R.C. 3105.18(C)(1). Because Sherri only raised one R.C. 3105.18(C)(1) factor (arguing that Ted's current income is much more than hers) in her objection to the magistrate's decision, we decline to address this

new argument for the first time on appeal.  Accordingly, we affirm the judgment of the trial court.

                                                                I.

**{¶2}**       The facts of this case were more fully laid out in our previous opinion. *Murphy v. Murphy*, Lawrence App. No. 07CA35, 2008-Ohio-6699.  The parties in the present case married on September 5, 1996.  Before the marriage, Ted Murphy, Jr., worked for Ironton Iron and lived in a house he had built.  This house would become the marital residence.  Ted owned significant retirement savings and certificates of deposit at the time of the marriage.  Sherri also worked for Ironton Iron as the plant nurse.  She had no significant assets at the time of the marriage but did have significant debts.  These debts caused Ted and Sherri to file for bankruptcy shortly after the marriage.

**{¶3}**       Sometime around 1999 or 2000, Ironton Iron closed leaving Ted and Sherri without employment.  About the same time, Sherri was diagnosed with mastocytosis, systemic mass cell disease.  Eventually, Ted gained employment administrating the local Moose Lodge, but the record is not clear on precisely when that happened.

**{¶4}**       On September 13, 2005, Sherri filed for divorce.  Sherri filed objections to the original decision of the magistrate, and the trial judge then issued a final divorce decree on September 26, 2007.  Sherri timely filed her notice of appeal on October 24, 2007.

**{¶5}**       We resolved this first appeal in *Murphy*.  Generally, Sherri argued the following: 1) she was entitled to a portion of the appreciation of the marital home as a result of renovations made during the marriage; 2) she was entitled some value due to the appreciation of Ted's restored El Camino; 3) she was entitled to an award of spousal support; 4) the trial court erred and abused its discretion in finding the end date

of the marriage was September of 2005; 5) the trial court erred when it failed to find that Ted engaged in financial misconduct; 6) the trial court erred when it credited Ted with $80,000 as separate funds expended during the marriage.  We reversed in part and remanded for the trial court to determine the value of the marital residence and reconsider the issue of spousal support.  *Murphy* at ¶29, 33-34.  We overruled all of Sherri's other arguments.  *Murphy* at ¶55.

**{¶6}**     After remand, the trial court issued an order that determined the value of the marital residence and reconsidered spousal support.

**{¶7}**     Sherri appeals this order and assigns the following errors for our review: I "The property division ordered by the Trial Court constituted an abuse of discretion and was against the manifest weight of the evidence and contrary to law by not determining the value of the marital property that is subject to division as required by Ohio Revised Code [3105.171(G)]."  II "The Trial Court erred in finding that Sherri Murphy had not contributed to the appreciation of the marital residence and other certain personal property, and determined the residence and said personal property to be non-marital assets and held as separate property."  And, III "The Trial Court erred in finding that Sherri Murphy was not entitled to the retirement benefits of the [sic] Ted Murphy or spousal support and improperly relied on health insurance benefits not subject to marital property division to justify its division."

II.

**{¶8}**     Sherri's first and second assignments of error both address the trial court's division of marital property.  Since these assignments both rely on the same standard of review, we will address them together for the sake of convenience.

**{¶9}** "A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, at paragraph two of the syllabus.

**{¶10}** "An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable." *Pryor v. Pryor*, Ross App. No. 09CA3096, 2009-Ohio-6670, at ¶22, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. In order to demonstrate an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 1996-Ohio-159.

**{¶11}** First, Sherri contends that the trial court erred because it failed to value the property that it divided. "The trial court divide[d] the property [while] failing to state the value of certain items. The houses, vehicles, and various items of personal property were not values in the division and therefore it is not certain if the value is equitable." Sherri's Brief at 8.

**{¶12}** The trial court's opinion on remand only valued the marital residence. But that is a function of our decision on the first appeal. We remanded the case to the trial court to find the value of any appreciation on the marital residence. *Murphy* at ¶29. This was the only item of property that the trial court was obliged to value on remand. As such, the trial court did not abuse its discretion in valuing only the marital residence. If Sherri had any objection to the valuation of other items in the original judgment of the

trial court she should have raised that issue in her first appeal. "[T]he doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05, 1996-Ohio-174, citing *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 191.

**{¶13}** Second, Sherri contends that the trial court abused its discretion because it failed "to recognize the appreciation of the marital residence, even though this was support[ed] by evidence[.]" Sherri's Brief at 9.

**{¶14}** The trial court determined "[t]he value of the residence at the time of the marriage (1996) is hereby found to be $70,000.00, and the value at the defacto time of separation (2005) is found to be $110,000.00. It is also found that the $40,000.00 increase in value, with the exception of $5,000.00, is due to remodeling paid for by [Ted] and the passive appreciation rampant during the late 90's and early 2000's, it is recommended that the $5,000.00 be awarded to [Sherri], and the residence to [Ted]."[1]

**{¶15}** Sherri testified that the house was worth $145,000, but noted that it had been appraised at $109,000. Trial Transcript at 85. One of the exhibits in the record is Plaintiff's Exhibit H. This exhibit is a report dated April 8, 2009. The report establishes a value for the marital residence between $95,000 and $120,000, with a final opinion of the market value as being $110,000. There is some competent credible evidence in the record supporting the trial court's valuation of the marital residence, and we find that the trial court did not abuse its discretion in valuing the residence at $110,000.

---

[1] The reason that the trial court considered the remodeling paid for by Ted is unclear. But Sherri does not assign this determination as error.

{¶16}    Accordingly, we overrule Sherri's first and second assignments of error.

III.

{¶17}    Sherri contends in her third assignment of error that the trial court erred when it failed to award her spousal support.

{¶18}    "A trial court has broad discretion in establishing and modifying a spousal support award." *Cassidy v. Cassidy*, Pike App. No. 03CA721, 2005-Ohio-3199, at ¶27, citing *Schultz v. Schultz* (1996), 110 Ohio App.3d 715, 724.  See, also, *Addington v. Addington*, Scioto App. No. 05CA3034, 2006-Ohio-4871, at ¶8.  "Thus, we will not reverse a spousal support award absent an abuse of discretion." *Cassidy* at ¶27.

{¶19}    After remand, the trial court determined that the revised findings related to the value of the marital residence had no impact upon the issue of spousal support.  The trial court had originally stated (before the previous appeal): "With respect to spousal support, in view of the fact that [Sherri] is receiving social security benefits, has her health insurance paid for, and is receiving a disproportionate amount of the marital assets, it is ordered that she not receive spousal support.  This is particularly true in view of the fact that all of [Ted's] certificates of deposit in the amount of approximately $80,000.00 [were] used up during the course of the marriage, and the fact that she is not responsible for any of the parties' indebtedness totaling approximately $18,000.00."

{¶20}    Sherri first contends that the trial court failed to consider the fourteen factors listed in the statute that a trial court is required to consider in deciding whether to award spousal support.  But the only objection Sherri raised to the magistrate's denial of spousal support was that "[Ted's] income is tremendously greater than [Sherri's] and

she is in need of alimony." Sherri did not raise any objection based on the magistrate's failure to consider any of the other factors of R.C. 3105.18(C)(1).

**{¶21}** Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." The rule also requires parties to specifically state all of the grounds for their objection. Civ.R. 53(D)(b)(ii). If a party raises an additional argument for their objection for the first time on appeal the court of appeals should only consider it for plain error. See *Hagan v. Hagan*, Stark App. No. 2009 CA 00148, 2010-Ohio-540, at ¶19. Therefore, to the extent that Sherri argues the trial court should have considered other factors than the income of the parties or that the magistrate's decision is otherwise incorrect, we review the judgment only for plain error. We see no reason to believe that the decision of the trial court, even if erroneous, "seriously affects the basic fairness, integrity, or public reputation of the judicial process[.]" *Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus, 1997-Ohio-401. We do not find that this case is an appropriate one in which to find plain error.

**{¶22}** Sherri contends that "[Ted] makes substantially more than Sherri now, and Sherri has necessities, including medications and living expenses, that her income does not meet." The trial court, in its judgment, referenced the relative assets and liabilities of the parties and Sherri's current income from social security disability benefits. The trial court did not specifically reference Ted's income, but Sherri filed an objection based on the differences in the parties' incomes, which presumably brought the issue to the attention of the trial court. And under these circumstances, we may appropriately presume that the trial court considered that factor since Sherri specifically objected on

that ground.  The trial court concluded that Sherri "is receiving social security disability insurance benefits, has her health insurance paid for, and is receiving a disproportionate amount of the marital assets[.]"  Sherri neither contends that these facts weigh in favor of an award of spousal support nor does she contend that the facts are false.  The trial court also considered the fact that Ted was taking on almost all of the remaining debt of the parties.  Again, Sherri neither contends that this fact weighs in favor of an award of spousal support nor does she contend that this fact is false.

**{¶23}**     Having concluded that the trial court properly identified several factors that weighed against an award of spousal support, we find the trial court did not abuse its discretion in denying Sherri's motion for spousal support.  Sherri identifies other facts that weigh in her favor, but this alone does not demonstrate that the trial court abused its discretion in declining to award spousal support.

**{¶24}**     The trial court noted that several factors under R.C. 3105.18(C)(1) weighed against an award of spousal support.  The evidence supports this determination.  Notwithstanding the fact that the trial court could have reached different conclusions, the trial court's decision to not award spousal support was within its discretion.

**{¶25}**     Accordingly, we overrule Sherri's third assignment of error.

IV.

**{¶26}**     Having overruled all of Sherri's assignments of error, we affirm the judgment of the Lawrence County Common Pleas Court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:  _____
        Roger L.  Kline, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**