**[Cite as *Churchill v. Churchill*, 2022-Ohio-1530.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Paige Churchill | Court of Appeals No. E-21-023 |
| Appellee | Trial Court No. 19 DR 120 |
| v. | |
| Michael Churchill | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 6, 2022 |

* * * * *

Michele A. Smith, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this direct appeal from a divorce proceeding, defendant-appellant, Michael Churchill, appeals the June 15, 2021 judgment entry of divorce entered by the Erie County Court of Common Pleas, Domestic Relations Division, following its June 10, 2021 adoption of the magistrate's findings of fact and conclusions of law. Because we find no error, we affirm.

## I. Facts and Procedural Background

{¶ 2} The parties married in 2008 in Gatlinburg, Tennessee; no children were born issue of the marriage. The parties were living in Sandusky, Ohio, when appellee filed a complaint for divorce. Appellant filed an answer and counterclaim for divorce.

{¶ 3} The matter proceeded to a final hearing on August 27, 2020, and several stipulations were entered on the record. At the conclusion of the testimony, the magistrate ordered the parties to submit proposed findings of facts and conclusions of law. On October 28, 2020, appellee filed her proposed findings of fact and conclusions of law. Appellant did not submit proposed findings.

{¶ 4} The magistrate's findings of fact and conclusions of law were filed on May 20, 2021, and mirrored appellee's proposed findings. On June 10, 2021, the trial court adopted the magistrate's findings of fact and conclusions of law. Later that day, appellant filed a motion for stay/motion for leave to file objections to the magistrate's decision. In his motion, appellant's counsel stated that he had been out of the country from May 20 until June 9 and had just recently been able to review the magistrate's decision. Counsel claimed that the delay would cause no detriment to appellee.

{¶ 5} On June 15, 2021, the court entered its final judgment entry of divorce and, in a separate entry, denied appellant's motion. This appeal followed.

2.

## II. Assignments of Error

1. Whether the trial court erred in issuing the appellee's proposed findings of fact and conclusions of law word-for-word as its magistrate's decision without an independent magistrate's evaluation and analysis.

2. Whether the trial court was unreasonable in not granting an extension of time to appellant to file objections to the magistrate's decision.

3. Whether the trial court erred in issuing the magistrate's findings of fact and conclusions of law as the judgment entry for divorce without proper analysis of the spousal support factors based upon the principal of plain error.

## III. Discussion

{¶ 6} Appellant's first assignment of error asserts that the trial court's adoption of appellee's proposed findings of fact and conclusions of law in its entirety demonstrated that it failed to independently review the evidence presented at the hearing.

{¶ 7} Under Civ.R. 53, "[i]f a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law." Ohio courts have consistently held that

[a] court may adopt verbatim a party's proposed findings of fact and conclusions of law as its own if it has thoroughly read the document to ensure that it is completely accurate in fact and law. *Adkins v. Adkins*

3.

(1998), 43 Ohio App.3d 95, 539 N.E.2d 686, citing *Paxton v. McGranahan* (Oct. 31, 1985), Cuyahoga App. No. 49645 (A trial court may adopt proposed findings and conclusions verbatim pursuant to Civ.R. 52). *See, also*, *State v. Jester*, Cuyahoga App. No. 83520, 2004-Ohio-3611, citing *State v. Combs* (1994), 100 Ohio App.3d 90, 110, 652 N.E.2d 205.

*Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 86670, 2006-Ohio-2879, ¶ 73. *See Kimbler v. Kimbler*, 4th Dist. Scioto No. 05CA2994, 2006-Ohio-2695, ¶ 23.

{¶ 8} Appellant's reliance on this court's decision in a parenting time dispute regarding ex parte communications with father's counsel is misplaced. In *Sedlack v. Palm*, 6th Dist. Erie No. E-09-072, 2010-Ohio-3924, appellant-mother alleged that following the hearing on various motions, father's counsel was contacted by the magistrate regarding the matter and asked to draft the decision. *Id.* at ¶ 8. Mother stated that at no time was her attorney contacted by the magistrate to discuss findings or to review the draft decision. *Id.* Reversing the judgment we emphasized that "the magistrate's decision to involve the father's counsel in preparing the decision without opposing counsel's knowledge constituted a 'grievous violation of the [statutory] deliberative process.'" *Id.* at ¶ 12, quoting *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 163.

{¶ 9} In the present case, the parties were asked to submit proposed findings of fact and conclusion of law by a set date. Appellant's counsel did not submit any findings.

4.

There is no indication that any ex parte communications took place between either appellee or appellee's counsel and the court. Thus, the magistrate's review and adoption of appellee's proposed findings of fact and conclusions of law was not erroneous. Appellant's first assignment of error is not well-taken.

{¶ 10} In appellant's second assignment of error he argues that the trial court unreasonably denied his request for an extension of time to file objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(i), a party may file objections to a magistrate's decision within 14 days of the filing of the decision. However, Civ.R. 53(D)(5) permits the trial court to grant a reasonable extension of time for a party to file objections outside the 14-day period "for good cause shown." "'The definition of good cause is without precise parameters and varies according to the facts presented in each individual case.'" *Woods Cove III, L.L.C. v. Am. Guaranteed Mgt. Co., L.L.C.*, 2018-Ohio-1829, 113 N.E.3d 62, ¶ 29 (8th Dist.), quoting *Woodruff v. Concord City Discount Clothing Store*, 2d Dist. Montgomery No. 10072, 1987 WL 6827, *3 (Feb. 19, 1987). A trial court has broad discretion in determining whether to grant a motion for an extension of time, and the court's decision will not be reversed on appeal absent an abuse of discretion. *Schroer v. Schroer*, 3d Dist. Hancock No. 5-19-21, 2020-Ohio-62, ¶ 29, citing *Bedi-Hetlin v. Hetlin*, 3d Dist. Seneca No. 13-14-08, 2014-Ohio-4997, ¶ 49. However, if the court had already adopted the magistrate's decision, a party may not request an extension of time to object to a matter already decided upon. *In the Matter of*

5.

*D.F.*, 10th Dist. Franklin Nos. 18AP-811, 18AP-813, 2019-Ohio-3710; *Losekamp v. Losekamp*, 12th Dist. Butler No. CA2013-11-213, 2014-Ohio-4422.

{¶ 11} When appellant filed his request for an extension of time to file objections it was 20 days following the magistrate's decision and the court, three hours prior, had already adopted the magistrate's decision. Accordingly, we find that the court did not abuse its discretion in denying appellant's motion for an extension. Appellant's second assignment of error is not well-taken.

{¶ 12} Appellant's third assignment of error contends that the trial court committed plain error[1] in adopting the magistrate's findings of fact and conclusions of law absent a proper analysis of the statutory spousal support factors set forth in R.C. 3105.18(C).

{¶ 13} Plain error is generally reserved for criminal matters where, under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." A finding of plain error in a civil matter is "sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the

---

[1]Appellant correctly cites Civ.R. 53(D)(3)(b)(iv) which provides:

> A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

legitimacy of the underlying judicial process itself." (Emphasis sic.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997*). See McLellan v. McLellan*, 10th Dist. Franklin No. 10AP-1105, 2011-Ohio-2418, ¶ 7-8; *Murphy v. Murphy*, 4th Dist. Lawrence No. 09CA28, 2010-Ohio-5037, ¶ 21.

{¶ 14} R.C. 3105.18(C) provides:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

7.

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 15} Appellant's argument is based on his assertion that the court failed to appreciate the financial conditions of the parties when awarding appellee spousal support

8.

in the sum of $300 per month for 24 months. Appellant stresses that the income of the parties is similar and that appellee's expenses are less.

{¶ 16} Testimony was presented that early in their marriage and during appellant's military career when the pair lived in North Carolina, appellee worked in high-end retail and was making approximately $2400 per month. Appellant was making approximately $3400 per month, which including his salary and living stipend. Returning to Ohio, appellee again worked in retail but could not match her prior salary so she enrolled in and completed veterinary technician training. Appellant worked as an electrician and then for a railroad. Appellant is currently employed as an electrician.

{¶ 17} As to the parties' incomes on the date of the hearing, appellee testified that she works ten to 20 hours per week at $13 per hour as a veterinary technician and works 40 hours per week at $17 at Cleveland Animal Control. Appellant testified that he works 36 hours per week (typical week is 40 hours but that it had been reduced due to COVID) at $29.65 per hour.

{¶ 18} The testimony above is consistent with the magistrate's findings that appellant was traditionally the larger wage earner and that appellee's difficultly finding desirable employment upon returning to Ohio caused her to enroll in veterinary technician school and incur student debt. The court noted that appellee needed to work two jobs (50-60 hours weekly) in order to be financially secure. The court then

9.

concluded that based on the length of the marriage and relative earning capacity of the parties, appellee be awarded spousal support for a limited duration.

{¶ 19} Upon review we find that the court properly considered the relevant factors under R.C. 3105.18(C) and that the court's award was neither plain error nor an abuse of discretion. Appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 20} On consideration whereof, we affirm the June 15, 2021 judgment of the Erie County Court of Common Pleas, Domestic Relations Division. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                    JUDGE
Thomas J. Osowik, J.

Myron C. Duhart, P.J.      _____
CONCUR.                               JUDGE

                             _____
                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.