OPINION
{¶ 1} Appellant Belva Copeland appeals from the judgment of the Franklin County Court of Common Pleas, Probate Division ("Probate Court"), denying appellant's motion for relief from judgment.
 {¶ 2} Appellant lived with her mother Opal Sheares at 1455 Kohr Place in Columbus, Ohio. Opal Sheares died intestate on August 21, 2003, and appellant was the decedent's only heir. No action was taken to administer the decedent's estate. After Ms. Sheares' passing, appellant and her son Marshon Copeland lived at the Kohr Place *Page 2 
residence until forced to vacate by the City of Columbus after the home was condemned due to poor conditions. Dwayne Broderick, a friend of appellant's boyfriend, asked appellant if he could help remodel and/or purchase the residence, but appellant refused his assistance.
 {¶ 3} On May 9, 2005, an application for certificate of transfer, signed by Marshon Copeland, was filed with the Probate Court, indicating that Marshon Copeland was the decedent's grandson and only next-of-kin. Mr. Broderick assisted Marshon Copeland with this process. Pursuant to R.C. 2113.61, the Probate Court issued a certificate of transfer that transferred the decedent's interest in the subject real estate to Marshon Copeland. Thereafter, Marshon Copeland sold the real estate to 70-year-old Brunetta Hopson for payment of $5,000 and payment of the existing liens totaling approximately $60,000.
 {¶ 4} Ms. Hopson met Mr. Broderick at a real estate investment seminar where Mr. Broderick offered to help Ms. Hopson get started in real estate investing. A few months after their initial meeting, Mr. Broderick presented Ms. Hopson with the subject property. A title search was completed prior to Ms. Hopson's purchase and the search revealed that Marshon Copeland had clear title to the real estate. After the purchase, Ms. Hopson began making improvements to the property and knew nothing of appellant until months after the property was purchased.
 {¶ 5} On April 17, 2006, appellant filed a motion for relief from judgment in the Probate Court requesting that the Probate Court set aside the certificate of transfer. A hearing was held before a magistrate of the Probate Court on June 30, 2006. The magistrate found that in spite of the fraudulent actions of Marshon Copeland and Dwayne *Page 3 
Broderick, Ms. Hopson's conduct in this matter coupled with her lack of knowledge of appellant's claim to title in the property, "clearly positions her as a bona fide purchaser." (Decision at 5.) While the magistrate concluded that the certificate of transfer is voidable, the magistrate went on to conclude that the subsequent sale of the property to a "bona fide purchaser" should not be disturbed based on the evidence presented in this matter. Id. Therefore, the magistrate recommended that the motion for relief from judgment be denied. No objections to the magistrate's decision were filed and the trial court conducted an independent review. After such review, the trial court found that "the Magistrate has properly determined the pertinent facts and applied the salient law thereto" and adopted the magistrate's decision including the findings of fact and conclusions of law. Thereupon the Probate Court denied appellant's motion for relief from judgment.
 {¶ 6} This appeal followed and appellant brings the following single assignment of error for our review:
 The decision of the Franklin County Probate Court, which held that the equitable interest of a Bona Fide Purchaser "divests" the sole heir of her vested legal interest in inherited real estate, is contrary to Ohio law.
 {¶ 7} In addition to arguing contrary to appellant's position, appellees, Brunetta and Carmack Hopson, contend appellant's claims are barred for failure to file objections to the magistrate's decision denying appellant's motion for relief from judgment.
 {¶ 8} Pursuant to Civ.R. 53(D)(3)(b), a party has 14 days to file objections to a magistrate's decision. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. *Page 4 
53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself."Uretsky v. Uretsky, Franklin App. No. 02AP-1011, 2003-Ohio-1455, at ¶ 7, citing Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. Further, the Supreme Court of Ohio has held that pursuant to former analogous Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any findings of fact or conclusions of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. Buford v.Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753, citing State exrel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52. Thus, Civ.R. 53 "imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." State ex rel. Alston v.Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4, quoting Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136 (decided under former analogous section Civ.R. 53[E][3][b]).
 {¶ 9} If no objections are filed, Civ.R 53(D)(4)(c) permits a court to adopt the magistrate's decision unless the court determines an error of law or other defect evident on the face of the magistrate's decision.
 {¶ 10} In the case sub judice, the magistrate's decision specifically and conspicuously informed the parties that no party shall assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party timely and *Page 5 
specifically objected to the same. Therefore, the magistrate fulfilled its obligation under Civ.R. 53 and provided the requisite notice to the parties. The magistrate's decision also advised that the parties had 14 days in which to file objections. Appellant, however, failed to file any objections to the magistrate's decision.
 {¶ 11} Civ.R. 53 provided appellant with the mechanism to raise her arguments before the trial court, but appellant failed to utilize this method by failing to file objections to the magistrate's decision. Moreover, appellant has not even alleged plain error or the existence of a defect on the face of the magistrate's decision.
{¶ l2} Upon review, we do not find that this matter presents exceptional circumstances, or the existence of plain error. Consequently, we overrule appellant's single assignment of error and the judgment of the Franklin County Court of Common Pleas, Probate Division, is hereby affirmed.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1