**[Cite as *Abdulshafi v. Abdulshafi*, 2020-Ohio-2692.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gabriele S. Abdulshafi, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-487 |
| v. | : | (C.P.C. No. 02DR-3223) |
| Osama A. Abdulshafi, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 28, 2020

**On brief:** *Law Office of Margaret Blackmore, LLC,* and *Margaret L. Blackmore*, for appellee.

**On brief:** *Sanjay K. Bhatt*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} Defendant-appellant, Osama A. Abdulshafi, appeals a judgment entry issued on July 23, 2019 by a magistrate and judge of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The entry adopted a magistrate's decision awarding arrears to plaintiff-appellee, Gabriele Sylvia Abdulshafi née Evans,[1] for her share of unpaid Ohio Public Employees Retirement System ("OPERS") distributions and finding Osama Abdulshafi in contempt for not dividing and distributing 50 percent of the contents of certain investment accounts. We find that the decision contains a clear and obvious error evident on the face of the decision in that it concluded that Abdulshafi owed Evans

---

[1] Although the case caption and many of the filings refer to the plaintiff as Gabriele Sylvia Abdulshafi, the divorce decree filed in August 2003 restored Sylvia to her prior surname, "Evans." (Aug. 14, 2003 Divorce Decree at 11.) In order to avoid confusion when referring to the parties, we shall refer to the plaintiff by her restored maiden name, "Evans."

$28,872.70, but then, five pages later, ordered him to pay her $32,449.89. Because adopting this facially deficient decision was civil plain error, we sustain Abdulshafi's first assignment of error. Because the arguments raised in Abdulshafi's second and third assignments of error raise issues that were forfeited by his failure to object and do not amount to plain error, we overrule those assignments. We reverse as to the finding regarding the amount owed and remand for the trial court to determine the correct amount Abdulshafi owes Evans. We otherwise affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 2, 2002, Evans filed for divorce. (Aug. 2, 2002 Compl.) Abdulshafi counterclaimed for divorce shortly thereafter. (Nov. 21, 2002 Answer and Counterclaim.) On August 14, 2003, pursuant to an agreement between the parties, the trial court issued a divorce decree. (Aug. 14, 2003 Decree at 2.)

{¶ 3} Relevant to this appeal the decree provided:

> **C. Household Goods, Furnishings and Personal Belongings.** The parties represent that all household goods, furnishings and personal belongings have been divided. Each party shall retain those items of household goods, furnishings and personal property now in their individual possession, free and clear from any claim by the other, with the exception that *Defendant shall receive his mother's jewelry.*

(Emphasis sic and added.) *Id.* at 7.

> **F. Retirement Accounts.** Defendant has retirement through [O]PERS. The parties agree that this retirement account shall be divided 50/50 between the parties. Plaintiff shall bear the cost of the preparation of the DOPO, or other appropriate order, to effectuate the transfer of her one-half of the [O]PERS benefits to Plaintiff.
>
> **G. T. Rowe Price Account.** The parties agree that the T. Rowe Price account shall be divided 50/50 between the parties. The parties shall cooperate in the process and sign any necessary paperwork in order to effectuate this agreement.

(Emphasis sic.) *Id.* at 8.

{¶ 4} Not until late 2017 through early 2018, did Evans prepare and obtain an order for the division of Abdulshafi's retirement through OPERS. (Aug. 21, 2017 First Division of Property Order; Sept. 11, 2017 First Division of Property Order Rejected by OPERS; Jan. 22,

2018 Second Division of Property Order.) In March 2018, Evans sought payment for any arrears, fees associated with the matter, and requested a hearing. (Mar. 6, 2018 Mot. for Arrearages.)

{¶ 5} In early 2019, Abdulshafi filed a motion for contempt arguing that Evans had not returned his mother's jewelry as contemplated in the original divorce decree. (Feb. 19, 2019 Mot. for Contempt.) Approximately one month later, Evans also filed a motion for contempt, asking that the court hold Abdulshafi in contempt for his failure to divide and distribute her share of the investments with T. Rowe Price. (Mar. 15, 2019 Mot. for Contempt.) On April 26, 2019, a magistrate of the trial court held a hearing on the matter. (Apr. 26, 2019 Hearing Tr., filed Oct. 15, 2019.)

{¶ 6} At the hearing, the parties stipulated to or admitted many of the matters originally in dispute. They agreed that Abdulshafi had received $32,449.89 pre-tax from OPERS, that such money should have gone to Evans, and that Evans (had she received it) would have paid taxes of $3,577.91 on the income. (Joint Hearing Ex. 1 at ¶ 4-5.) They agreed that Abdulshafi had rolled-over two accounts held with T. Rowe Price to a single account with Citibank, N.A. *Id.* at ¶ 7. Evans presented account statements indicating the balances with T. Rowe Price at the time the accounts were rolled over to Citibank, N.A., reflecting that the two amounts held in the two accounts that were transferred were $18,909.43 and $18,033.11. (Pl.'s Exs. 1-2.) Abdulshafi forthrightly admitted in the hearing that Evans was entitled to the money per the decree and that it had not yet been divided. (Hearing Tr. at 19-20, 40.) Abdulshafi explained that it had not been done because he was hospitalized for bi-polar disorder at the time of the decree and was under the impression that it was Evans's responsibility, under the decree, to take the lead in effectuating the division. *Id.* at 38-39. Regarding the jewelry, Abdulshafi testified that he inherited approximately $44,000.00 in jewelry from his mother and presented a list of pieces with his own estimates as to their values. *Id.* at 31-32, 43-45; Def.'s Ex. B. Abdulshafi stated that Evans had returned some jewelry to him but that the jewelry she attempted to return was not his mother's. (Hearing Tr. at 45.) Consequently, he sent it back to Evans. *Id.* He stated that none of the expensive pieces listed had been returned. *Id.* at 43-44. Abdulshafi was unable, however, to present an appraisal of the pieces other than his own estimate. *Id.* at 32.

{¶ 7} On July 23, 2019, a magistrate of the domestic relations division of the common pleas court issued a decision that was filed simultaneously with an entry by the domestic relations judge adopting the magistrate's decision. (July 23, 2019 Jgmt. Entry.) The decision and entry evidenced the court's finding that Abdulshafi owed Evans $32,449.89 in pre-tax dollars, that he had paid $3,577.19[2] in taxes, and therefore owed Evans $28,872.70 in after-tax dollars. *Id.* at 3 of 8. Then, without further explanation, the magistrate recommended awarding Evans a judgment of $32,449.89 plus statutory interest. *Id.* at 8 of 8. The magistrate also found Abdulshafi in contempt for his failure to divide and distribute the T. Rowe Price account proceeds to Evans and ordered him to serve 30 days in jail and pay attorney fees to Evans in the amount of $1,500.00. *Id.* at 7 of 8. The decision provided that Abdulshafi could purge the contempt by paying the $1,500.00 in attorney fees to Evans before August 1, 2019 and by thereafter paying Evans 50 percent of the pre-tax totals of the T. Rowe Price accounts, which it calculated to be $18,466.21. *Id.* at 8 of 8. With respect to the jewelry, the magistrate found that no items of jewelry were specifically identified in the original decree or the disclosures of the parties and that, if there had been $44,000.00 of jewelry at stake, it should have been disclosed and identified. *Id.* at 7 of 8. The magistrate concluded that there was insufficient evidence in the record of the existence of the items and their asserted value to form the basis of a setoff against the funds owed by Abdulshafi and therefore denied Abdulshafi's motion for contempt. *Id.*

{¶ 8} Abdulshafi filed a pro se notice of appeal on July 29, 2019. (July 29, 2019 Notice of Appeal.) Abdulshafi did not file objections to the magistrate's decision so as to automatically stay execution of the judgment until the court disposed of those objections and had the opportunity to vacate, modify, or adhere to its earlier judgment. Civ.R. 53(D)(4)(e)(i).

## II. ASSIGNMENTS OF ERROR

{¶ 9} On appeal Abdulshafi is represented by counsel and presents three assignments of error for review:

> [1.] The Judgment Amount of the Proportional Marital Share
> is Incorrect and Plain Error.

---

[2] The parties stipulated that taxes of $3,577.91 would have been paid by Evans had she received the distribution. (Joint Ex. 1 at ¶ 5.) The magistrate appears to have taken that figure as (but transposed the 1 and the 9) in determining how much Abdulshafi paid in taxes.

[2.] The Judgment Finding Appellant in Contempt For Failure to Transfer 50% of the T-Rowe Price Accounts to Appellant is Plain Error.

[3.] The Term of Incarceration Imposed on Appellant is Plain Error.

## III. DISCUSSION

### A. Standard of Review

{¶ 10} A party may file objections to a magistrate's decision "within fourteen days of the filing of the decision," but the trial court "may enter a judgment either during the fourteen days permitted by Civ. R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." Civ.R. 53(D)(3)(b)(i) and (D)(4)(e)(i). If the court enters judgment before the time for filing objections has run, the timely filing of objections automatically stays the execution of the judgment until the trial court rules on the objections. Civ.R. 53(D)(4)(e)(i). If objections are timely filed, the trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law," and may, in some circumstances, hear additional evidence in discharging that duty. Civ.R. 53(D)(4)(d). However, if, as here, no objections are filed, the trial court "may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 11} Under either circumstance (that is, when a trial court waits for objections or when it immediately adopts a magistrate's decision as its own), when a party does not file objections to the magistrate's decision, there can be no error assigned to any portion of a magistrate's decision on appeal, unless the error is plain.[3] Civ.R. 53(D)(3)(b)(iv). We have applied the rule in this way such that the failure to timely file objections results in forfeiting all arguments on appeal except claims for plain error. *See, e.g.*, *Marshall v. Marshall*, 10th Dist. No. 18AP-543, 2019-Ohio-684, ¶ 7.

{¶ 12} "[I]n order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the

---

[3] "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 40, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

### B. First Assignment of Error - Whether the Trial Court Committed Plain Error in Adopting the Amount Awarded in OPERS Arrears

{¶ 13} Abdulshafi argues that, when the magistrate found that he owed Evans $28,872.70 on page 3 of its decision, it was error to order him to pay Evans $32,449.89 in the order portion of that same decision. (Abdulshafi's Brief at 13-14.) C*ompare* July 23, 2019 Jgmt. Entry at 3 of 8 *with id* at 8 of 8. Abdulshafi owed Evans $32,449.89 in pre-tax dollars. The decision found that he paid $3,577.19 in taxes, which was subtracted from total value and that he therefore owed Evans $28,872.70 in after-tax dollars. *Id.* at 3 of 8. Yet, without further explanation, the magistrate awarded Evans a judgment of $32,449.89 plus statutory interest. *Id.* at 8 of 8. Evans offers no substantive argument to explain this discrepancy or refute Abdulshafi's assertion of error other than arguing that when Abdulshafi did not object before the trial court, he has waived asserting the error now on appeal. (Evans's Brief at 8-9.)

{¶ 14} We agree that, because Abdulshafi did not object, Abdulshafi has a high burden to surmount in obtaining a review of his assignments of error. *See supra* at ¶ 10-12. However, even in the absence of objections, a trial court must conduct a facial review of the magistrate's decision before adopting it. Civ.R. 53(D)(4)(c).

{¶ 15} Here, the trial court adopted the magistrate's decision in the same docket filing and at the exact same moment that it was entered into the record. (July 23, 2019 Jgmt. Entry.) This arrangement at the very least seems to make it difficult to conduct Civ.R. 53's required facial review because the magistrate's decision does not exist until it is filed. Generally, " '[i]t is well-established that a court only speaks through its journal entries and not by oral pronouncement or through decisions.' " *State v. Hampton*, 10th Dist. No. 10AP-1109, 2011-Ohio-3486, ¶ 13, quoting *State v. Smith*, 12th Dist. No. CA2009-02-038, 2010-Ohio-1721, ¶ 59, citing *Schenley v. Kauth*, 160 Ohio St. 109 (1953); *State v. Wimer*, 10th Dist. No. 01AP-288, 2001 WL 1222420, 2001 Ohio App. LEXIS 4628 (Oct. 16, 2001). In other words, the magistrate's decision is nullity until it is filed. " 'A legal nullity by definition is something that "never occurred." ' " *McCualsky v. Appalachian Behavioral Healthcare*,

10th Dist. No. 16AP-442, 2017-Ohio-1064, ¶ 11, quoting *Fravel v. Columbus Rehab. & Subacute Inst.*, 10th Dist. No. 16AP-270, 2016-Ohio-5807, ¶ 15, quoting *PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 8th Dist. No. 101777, 2015-Ohio-2951, ¶ 20. Thus, when the trial court's entry adopting the magistrate's decision occurs *simultaneously* with its entry onto the court's docket, we fail to see how a trial court could have facially examined something that did not yet exist.

{¶ 16} And, as correctly pointed out by Abdulshafi, there was a clear and obvious error evident on the face of the decision in that the magistrate concluded in the decision that Abdulshafi owed Evans $28,872.70, but then, five pages later, ordered him to pay Evans $32,449.89. *Compare* July 23, 2019 Jgmt. Entry at 3 of 8 *with id* at 8 of 8. This error was obvious and evident on the face of the decision. When the domestic division of the common pleas court instantaneously adopts magistrate's decisions at the moment they are filed in the record, the public's perception of and confidence in the judicial process is affected. We find plain error in the inconsistencies within the face of the decision as to the amount awarded to Evans. *See Morgan*, 2017-Ohio-7565, at ¶ 40 ("Therefore, in order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) *that the error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process.*"). (Emphasis added.)

{¶ 17} We sustain Abdulshafi's first assignment of error.

### C. Second and Third Assignments of Error - Whether the Trial Court Committed Plain Error in Adopting the Magistrate's Finding of Contempt Related to the T. Rowe Price Funds

{¶ 18} Abdulshafi argues that the magistrate's finding of contempt was improper, as was the trial court's adoption of that finding because the underlying divorce decree was too vague about the number of T. Rowe Price accounts in addition to when and how the division and distribution of funds was to take place. (Abdulshafi's Brief at 14-19.) Abdulshafi, however, did not object to these matters in the magistrate's decision and under Civ.R. 53(D)(3)(b)(iv) forfeited these arguments on appeal for other than plain error. Civ.R. 53(D)(3)(b)(iv). Abdulshafi's lack of objections also limited the required scope of the trial court's review. Had he made his objections before the trial court, it could have considered his asserted error in the form of objections or even taken more evidence on the issues he

now attempts to raise on appeal. Civ.R. 53(D)(4)(b). To consider whether the decree was too vague to form the basis for a contempt finding would have required the trial court to do more than merely determine if there was "an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Under this standard of review for the trial court based on the absence of objections, as to the second and third assignments of error, we do not find plain error.

{¶ 19} We overrule Abdulshafi's second and third assignments of error.

## IV. CONCLUSION

{¶ 20} The magistrate's decision contained clear and obvious error evident on the face of the decision in that the magistrate concluded Abdulshafi owed Evans $28,872.70, but then, five pages later, ordered him to pay her $32,449.89. By adopting the magistrate's facially deficient decision in the same docket filing and at the exact same moment that it issued, a practice that we have observed occurs in the domestic relations division of the common pleas court, the trial court raised a question about whether it conducted the review required by Civ.R. 53(D)(4)(c), affecting the public's perception of and confidence in the judicial process. Consequently, we find plain error and sustain Abdulshafi's first assignment of error. Because the arguments in Abdulshafi's second and third assignments of error raise issues that could have been addressed by the trial court had he objected to them, he has lost the opportunity to address them on appeal, and we overrule those assignments or error. We reverse the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch's decision as it adopts the magistrate's finding regarding the amount owed by Abdulshafi to Evans, and this matter is remanded for the trial court to correct that amount. We otherwise affirm.

*Judgment reversed in part,*
*affirmed in part, and remanded.*

LUPER SCHUSTER and NELSON, JJ., concur.