[Cite as *McDougald v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-4096.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jerone McDougald, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-655 |
| v. | : | (Ct. of Cl. No. 2019-00950JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 17, 2022

**On brief:** *Jerone McDougald*, pro se.

**On brief:** *Dave* Yost, Attorney General, and *Howard Harcha, IV*, for appellee.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1}  Plaintiff-appellant, Jerone McDougald, appeals from the November 3, 2021 judgment entry of the Court of Claims of Ohio adopting the magistrate's decision and recommendation as its own and rendering judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").  For the reasons that follow, we affirm the judgment of the trial court.

I.  **Facts and Procedural History**

{¶ 2}  Appellant is an inmate in defendant's custody who resides at Toledo Correctional Institution ("TOCI") in Toledo, Ohio.  (Mag's Decision at 1.)  TOCI is a maximum-security facility which houses only inmates at the highest security level.  *Id.*

Appellant filed his complaint in the Court of Claims of Ohio seeking damages for injuries he alleged were sustained when certain employees of ODRC used force on him on July 22, 2019. (*See* Compl.)

{¶ 3} The case proceeded to trial before a magistrate conducted via Zoom video conferencing on December 8, 2020. On May 17, 2021, the magistrate issued a decision recommending judgment in favor of ODRC. (Mag's Decision at 6.)

{¶ 4} On May 26, 2021, appellant filed a motion seeking a 30-day extension of time in which to file objections to the magistrate's decision. On June 3, 2021, appellant filed a motion seeking leave for the trial court to consider alternative technology in reviewing the evidence, as provided for in Civ.R. 53(D)(3)(b)(iii), and further requested that he be granted access to an electronic copy of the trial proceedings. On June 9, 2021, the trial court granted the May 26, 2021 motion for an extension of time and appellant was given until July 6, 2021 to file his objections. No objections were filed by appellant.

{¶ 5} On August 18, 2021, the trial court issued an entry addressing appellant's June 3, 2021 motion, granting it in part and denying it in part. (Aug. 18, 2021 Entry.) Specifically, the trial court granted appellant's request for a copy of audio or DVD recordings of the trial proceedings and ordered the clerk to create a copy of the DVD of the proceedings and provide a copy to both appellant and ODRC. *Id.* The trial court also granted appellant an additional 30-days from the date of the entry, i.e., until September 17, 2021, to file his objections. The trial court denied appellant's request that the court utilize a DVD or audio tape when reviewing the magistrate's decision and considering objections. The trial court further ordered appellant to prepare and submit an affidavit of evidence in support of his objections to the magistrate's decision. *Id.*

{¶ 6} On August 24, 2021, appellant filed another motion for extension of time in which to file objections to the magistrate's decision, this time seeking an additional six months. On September 7, 2021, the trial court issued an order granting in part the motion for extension of time, finding a six-month extension to be excessive but giving appellant until October 15, 2021 to file his objections. (Sept. 7, 2021 Order.) The trial court further stated that it would consider granting additional time if appellant could show that circumstances warranted a further extension. *Id.*

{¶ 7} On October 22, 2021, after the deadline for filing his objections had passed, appellant filed another motion for extension of time in which to file objections to the magistrate's decision seeking an additional 90 days. In this motion, appellant stated he had not been able to file his objections due to not having access to the recording trial proceedings despite the court having ordered that he be permitted to review and listen to the trial proceedings in order to present his objections. *Id.*

{¶ 8} On November 3, 2021, the trial court entered a judgment entry adopting the magistrate's decision. (Nov. 3, 2021 Jgmt. Entry.) In it, the trial court specifically stated "[p]laintiff was granted leave to file his objections on or before October 15, 2021. To date, no objections have been filed." *Id.*

{¶ 9} On November 17, 2021, the clerk filed a notice indicating that a DVD of the trial proceedings was sent to counsel for ODRC, and on November 18, 2021, the clerk filed a similar notice indicating a DVD of the trial proceedings was sent to appellant.

{¶ 10} On November 29, 2021 appellant filed a notice of appeal in the trial court, and on December 7, 2021 appellant filed a notice of appeal with this court, which is now before us.

## II. Assignment of Error

{¶ 11} Appellant asserts the following assignment of error for our review:

> The trial court denied my due process by denying me a means to review DVD recording of trial proceedings for objecting to Magistrates [sic] Decision.

## III.  Law and Analysis

### A.  Standard of Review

{¶ 12} Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  Civ.R. 53 " 'imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision.' " *In re Estate of Sheares*, 10th Dist. No. 07AP-02, 2007-Ohio-3624, ¶ 8, quoting *State ex rel. Alston v. Indus. Comm.*, 10th Dist. No. 00AP-1379, 2002-Ohio-4720, ¶ 4 (further citation omitted.).  If no objections are filed, Civ.R. 53(D)(4)(c) provides that a court may adopt the magistrate's decision unless the court determines an error of law or other defect evident on the face of the magistrate's decision.  *Id.*

### B.  Discussion

{¶ 13} In this case, because appellant failed to file objections to the magistrate's decision in this case, this court is limited to a review for plain error by the trial court in considering the appeal. *PHH Mtge. Corp. v. Santiago*, 10th Dist. No. 11AP-562, 2012-Ohio-942, ¶ 8, citing *In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6 ("It is well-settled that a party's failure to file objections to a magistrate's decision waives all but plain error."). "In civil cases, the plain error doctrine will only apply in the 'extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court,

seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Santiago* at ¶ 9, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. The doctrine of plain error "implicates errors that are 'clearly apparent on the face of the record and [are] prejudicial to the appellant.' " *Id.*, quoting *Brooks-Lee v. Lee*, 10th Dist. No. 11AP-284, 2012-Ohio-373, ¶ 26, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 14} In this case, appellant asserts he was denied due process because he was not provided with a DVD recording of the trial proceedings to assist him with preparing objections to the magistrate's decision. It is true that the trial court granted appellant's request for a DVD recording of the trial proceedings in its August 18, 2021 entry and ordered the clerk to create a copy of the DVD of the proceedings and provide a copy to both appellant and ODRC. (*See* Aug. 18, 2021 Entry.) The trial court further granted appellant two additional extensions of time in which to prepare his objections, the latest of which gave appellant until October 15, 2021 to file his objections. (*See* Aug. 18, 2021 Entry; Sept. 7, 2021 Order.)

{¶ 15} The September 7, 2021 order clearly stated that the trial court would consider granting additional time beyond the October 15, 2021 deadline if appellant could show that circumstances warranted a further extension. Yet appellant waited until *after* the deadline had passed to file his motion on October 22, 2021 wherein he finally advised the trial court that he had never received the DVD recording of the trial proceedings. Appellant has provided no explanation whatsoever for his delay in bringing to the court's attention this salient fact.[1]

---

[1] There is certainly no question that appellant is more than capable of making filings with the trial court, given his prolific filings evinced by this matter's docket in the trial court.

{¶ 16}   It is well-settled that a party's failure to notify the trial court of a possible error results in a waiver of the issue for appeal unless appellant can show plain error. *Noble v. Noble*, 10th Dist. No. 07AP-1045, 2008-Ohio-4685, ¶ 20, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Because "the plain error doctrine is not favored" in civil appeals, it "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss* at paragraph one of the syllabus.

{¶ 17} Here, the record is clear that appellant was afforded multiple opportunities over the span of five months to file his objections to the magistrate's decision. The record is equally clear that appellant did not make any efforts to make the trial court aware of the fact that the DVD of the trial proceedings had not been received until after the latest deadline for filing his objections. Under these circumstances, appellant cannot now argue that the trial court erred when all he would have had to do is bring the issue to the trial court's attention. In short, we find no plain error on the part of the trial court in this case.

## IV. Disposition

{¶ 18} Accordingly, for the foregoing reasons, we overrule appellant's sole assignment of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL and JAMISON, JJ., concur.

_____