[Cite as *Alford v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-4290.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brian K. Alford, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-74 |
| v. | : | (Ct. of Cl. No. 2020-00574JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 28, 2023

**On brief:** *Brian K. Alford*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Michelle C. Brizes*, and *Chelsey M. Capezzuti*, for appellee.

APPEAL from the Court of Claims of Ohio

LELAND, J.

{¶ 1} This is an appeal by plaintiff-appellant, Brian K. Alford, from a judgment of the Court of Claims of Ohio adopting a magistrate's decision and rendering judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), on appellant's claim for negligence.

**I. Facts and Procedural History**

{¶ 2} Appellant is an inmate housed at the Toledo Correctional Institution. On September 28, 2020, appellant filed a complaint alleging ODRC was negligent in failing to prevent an assault against him by another inmate. The matter came for a bench trial before a magistrate of the court. On August 31, 2022, the magistrate issued a decision, including findings of fact and conclusions of law.

{¶ 3}　Because the record on appeal does not include a transcript of the trial, the following findings of fact are drawn from the magistrate's decision.  On September 9, 2020, appellant, an inmate in the custody of ODRC, while "performing his institutional job cleaning the recreation area, * * * was the victim of a sudden, unprovoked and unforeseen assault by another inmate, Dwayne Nixon."  (Mag.'s Decision at 1.)  A prison video camera "captured Nixon's assault on [appellant]."  (Mag.'s Decision at 1.)  The "silent video depicts numerous people on a basketball court," and appellant "can be seen talking to another inmate near the basketball hoop at the far end of the court that is opposite of the camera." (Mag.'s Decision at 1-2.)  Appellant "is to the right of the other inmate," and "Nixon is standing among a group of men that is near the hoop closer to the camera."  (Mag.'s Decision at 2.)  John Searle, a corrections officer ("CO"), "can be seen at a desk in the lower left corner of the video."  (Mag.'s Decision at 2.)

{¶ 4}　At the same time Nixon "begins rapidly walking in [appellant's] direction, [appellant] begins to walk away from the inmate with whom he was [talking to] and toward midcourt."  (Mag.'s Decision at 2.)  As appellant and Nixon "get closer, they walk side by side for a moment before Nixon suddenly lunges at [appellant] and pushes and/or punches [appellant] in the side and/or back of the head, causing [him] to fall down."  (Mag.'s Decision at 2.)  The time stamp on the video "reads 9:13:38 when Nixon extends his arms to attack [appellant].  Up until this point, [CO] Searle's back is turned and/or he is facing the other inmates who are leaving the recreation area.  [CO] Searle turns his head and looks at [appellant] and Nixon, while [appellant] is falling to the ground, when the video reads 9:13:39."  (Mag.'s Decision at 2.)

{¶ 5}　CO Searle "then leaves his desk, at which point Nixon begins to walk away from [appellant], and walks toward Nixon before briefly leaving the area."  (Mag.'s Decision at 2.)  After appellant "gets to his feet, [appellant] and Nixon approach each other and appear to exchange words.  As [appellant] runs away from Nixon, he sprays Nixon in the face with a spray bottle."  (Mag.'s Decision at 2.)  Nixon then "chases [appellant] and pushes and/or punches [appellant] again as [appellant] goes offscreen.  Two corrections officers, including [CO] Searle, then almost immediately appear and confront Nixon and begin handcuffing him."  (Mag.'s Decision at 2.)

**{¶ 6}** Appellant "had never met Nixon before the assault and had never reported any problem with or fear of Nixon." (Mag.'s Decision at 2.) Although CO Searle "was present in the recreation area at the time of the attack, he had no forewarning of the assault, was not close to the two men when the assault began and did not know it was happening until after [appellant] was initially knocked to the ground." (Mag.'s Decision at 2.) At the time CO Searle "approached the two inmates and began to investigate, [he] did not know exactly what had transpired between [appellant] and Nixon." (Mag.'s Decision at 2-3.) CO Searle "walked away from [appellant] and Nixon to enlist the aid of his partner with investigating the incident and securing the two inmates." (Mag.'s Decision at 3.)

**{¶ 7}** Based on the evidence presented, the magistrate concluded appellant "failed to prove his clams by a preponderance of the evidence." (Mag.'s Decision at 4.) The magistrate found it was "undisputed that [ODRC] did not have actual notice of an impending assault." (Mag.'s Decision at 4.) Specifically, the magistrate noted, "[p]rior to the assault, [appellant] never had any fear of his assailant, nor did he inform or alert [ODRC] of any problem whatsoever between him and his assailant. In fact, [appellant] did not know his assailant before the assault and the assault itself happened without warning." (Mag.'s Decision at 4.) The magistrate further concluded ODRC "did not have constructive notice of an impending assault." (Mag.'s Decision at 4.) The magistrate found appellant "offered limited and vague assertions regarding his assailant's history," and that appellant and his assailant "had no previous history of any kind such that [ODRC] would possess notice that there might be issues if the two were allowed to comingle." (Mag.'s Decision at 4.) In the absence of evidence that ODRC had notice of an impending assault, the magistrate determined ODRC had no duty to protect appellant and therefore breached no duty to protect appellant from the assault. The magistrate further found ODRC met its duty to protect appellant after CO Searle became aware of the altercation between the two men and then intervened. The magistrate therefore recommended judgment in favor of ODRC.

**{¶ 8}** On August 29, 2022, appellant filed a "request for use of alternative technology in the form of audio recording to support objections to the mgistrate's [sic] report and recommendations when issued." On September 13, 2022, appellant filed a "request for extension of time to file objections to magistrate report and recommendation

and affidavit of fact." By entry filed September 14, 2022, the Court of Claims granted appellant leave to obtain a recording of the trial upon submission of a $5 processing fee. By separate entry filed on the same date, the court granted appellant's motion for extension of time to file objections on or before October 31, 2022.

{¶ 9} On October 24, 2022, appellant requested a copy of the video recording of the trial. On November 4, 2022, the Court of Claims filed an entry noting that appellant's request for a video recording "did not explicitly request a continuance of the deadline for filing objections, which was October 31, 2022," but the court deemed appellant's motion as containing "an implicit request for a continuance." The entry further provided: "To the extent [appellant] moves for a continuance, the motion is granted. [Appellant] shall submit his Objections to the Magistrate's Decision, supported by either a transcript or an affidavit of evidence, on or before November 30, 2022. No further continuances will be granted." (Emphasis omitted.)

{¶ 10} On January 11, 2023, the court filed a judgment entry noting appellant was required to file objections on or before November 30, 2022 and that, while appellant "has filed other documents in this case, a review of the docket on January 3, 2023, revealed that [appellant] has not filed Objections to the Magistrate's Decision." (Jan. 11, 2023 Entry at 1.) Finding "no error of law or other defect evident on the face of the Magistrate's Decision," the court adopted the magistrate's decision as its own, "including findings of fact and conclusions of law contained therein." (Jan. 11, 2023 Entry at 1.) The Court of Claims therefore rendered judgment in favor of ODRC.

## II. Assignments of Error

{¶ 11} On appeal, appellant, pro se, sets forth the following three assignments of error for this court's review:

> I. THE TRIAL COURT ERRED IN DENYING APPELLANTS REQUEST FOR ADDITIONAL TIME TO REVIEW THE VIDEO OF TRIAL AND THE INCIDENT THAT TOOK PLACE ON SEPTEMBER 9TH, 2020 IN WHICH TO FILE HIS OBJECTIONS TO THE MAGISTRATES REPORT AND RECOMMENDATIONS.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY FROM A WITNESS NOT LISTED

IN THE PRE-TRIAL STATEMENT AND ADMITTING A DOCUMENT NOT LISTED IN THE PRE-TRIAL STATEMENT OF APPELLEES WHICH VIOLATED THE HEARSAY EXCEPTION.

III. THE VIDEO OF THE INCIDENT ON SEPTEMBER 9TH, 2020 WAS NOT AN ACCURATE DEPICTION OF THE INCIDENT AND HAD BEEN ALTERED.

## III. Analysis

{¶ 12} Under his first assignment of error, appellant asserts the Court of Claims erred in adopting the magistrate's decision without granting him additional time to review the video recording of the trial and the video (Exhibit B) of the incident. Appellant argues he was "not able to file his objections due to the Court not allowing [his] second request to supplement affidavit of facts [filed] December 2nd, 2022." (Appellant's Brief at 5.)

{¶ 13} Pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(5) states in part: "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision."

{¶ 14} In general, "[a] trial court has discretion to rule upon procedural matters, and an appellate court will not reverse such rulings absent an abuse of discretion." *Brown v. Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-804, 2014-Ohio-1810, ¶ 41, citing *Harmon v. Baldwin*, 107 Ohio St.3d 232, 2005-Ohio-6264, ¶ 16. *See also Churchill v. Churchill*, 6th Dist. No. E-21-023, 2022-Ohio-1530, ¶ 10, citing *Schroer v. Schroer*, 3d Dist. No. 5-19-21, 2020-Ohio-62, ¶ 29, citing *Bedi-Hetlin v. Hetlin*, 3d Dist. No. 13-14-08, 2014-Ohio-4997, ¶ 49 (trial court "has broad discretion in determining whether to grant a motion for an extension of time, and the court's decision will not be reversed on appeal absent an abuse of discretion"); *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-285, 2017-Ohio-8378, ¶ 20 ("*McDougald I*") ("In general, a trial court does not abuse its discretion in not considering or denying a motion for an extension when that motion is filed beyond the

applicable deadline, particularly where the movant offers no explanation for the untimely filing.").

{¶ 15} As set forth under the facts, on August 29, 2022, appellant filed a request for use of alternative technology (audio-video recording) to support his objections to the magistrate's decision. The magistrate's decision was filed on August 31, 2022. On September 13, 2022, appellant filed a request for an extension of time to file objections. By entry filed September 14, 2022, the court granted appellant leave to obtain a video recording of the trial. That entry noted appellant "may obtain a copy of the recording of the trial by submitting a request to the Clerk's office along with a $5 processing fee." (Sept. 14, 2022 Entry at 1.) By separate entry filed on September 14, 2022, the court granted appellant's motion for an extension of time to review the materials requested and to prepare his objections, and the entry provided that appellant "shall submit his objections, supported by either a transcript or an affidavit of evidence, on or before October 31, 2022." (Emphasis omitted.)

{¶ 16} On October 24, 2022, appellant requested a copy of the video of trial. By correspondence filed that same date, October 24, 2022, an assistant clerk of the court informed appellant "no payment was found in the envelope," and that "[p]er the Court's Order dated September 14, 2022," the court would not process the request before receiving the $5 fee "in order for us to send you a recording of the trial."

{¶ 17} On November 4, 2022, the court filed an entry stating in part that, although appellant's request for a video recording filed October 24, 2022 "did not explicitly request a continuance of the deadline for filing objections, which was October 31, 2022, the Court finds that his motion contains an implicit request for a continuance." The entry further provided: "To the extent [appellant] moves for a continuance, the motion is granted. [Appellant] shall submit his Objections to the Magistrate's Decision, supported by either a transcript or an affidavit of evidence, on or before November 30, 2022. No further continuances will be granted." (Emphasis omitted.) By judgment entry filed January 11, 2023, the court adopted the magistrate's decision. In that entry, the court observed that, subsequent to the November 30, 2022 deadline, appellant "filed other documents" in the case but failed to file objections to the magistrate's decision. (Jan. 11, 2023 Entry at 1.)

{¶ 18} As noted, appellant contends he was unable to file his objections due to the Court of Claims' actions. Specifically, appellant contends he was prevented from filing his objections due to the court not granting his "second request to supplement affidavit of facts" filed on December 2, 2022. (Appellant's Brief at 5.)

{¶ 19} In *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-655, 2022-Ohio-4096 ("*McDougald II*"), this court addressed a similar factual scenario in which the appellant, an inmate, failed to file objections to a magistrate's decision following a trial before a magistrate. Under the facts of that case, the trial court had granted the appellant's request for a DVD recording, and also granted him two extensions of time to prepare his objections. The appellant, however, waited until after the latest deadline had passed to advise the court that he had not received the recording and to request a further extension of time. The Court of Claims entered judgment adopting the magistrate's decision. On appeal, the appellant asserted he was denied due process by the court in denying him a means to review the DVD recording in order to file objections. In *McDougald II*, this court found no error by the Court of Claims where the record indicated the "appellant was afforded multiple opportunities over the span of five months to file his objections to the magistrate's decision," and where he failed to make the court aware of the fact the DVD had not been received "until after the latest deadline for filing his objections." *Id.* at ¶ 17.

{¶ 20} Similarly, the record in the instant case indicates the Court of Claims twice extended the deadline (i.e., to October 31 and November 30, 2022, respectively) for appellant to file objections to the magistrate's August 31, 2022 decision, and the court outlined for appellant the steps necessary to obtain a video recording of the trial. The court's entry of November 4, 2022 setting the new deadline of November 30, 2022, advised appellant that no further extensions would be granted; following the entry of November 4, 2022 and prior to the November 30, 2022 deadline, appellant did not make the court aware of any issues regarding his ability to prepare objections. In the absence of objections, the court adopted the magistrate's decision on January 11, 2023, more than four months after the magistrate's decision was filed.

{¶ 21} Upon review, we find no merit with appellant's contention that the court prevented him from filing objections. Rather, similar to the circumstances in *McDougald*

*II*, where the record indicates appellant was "afforded multiple opportunities" to file objections over a more than four-month period, including the court's granting of two continuances, and where appellant contends the court acted arbitrarily in failing to grant a further extension based on a filing made after the latest deadline, we find no abuse of discretion by the court. *Id.* at ¶ 17.

**{¶ 22}** Accordingly, appellant's first assignment of error is not well-taken and is overruled.

**{¶ 23}** Appellant's second and third assignments of error are interrelated and will be considered together. Under his second assignment of error, appellant argues the magistrate erred in allowing testimony from a witness not listed in the pre-trial statement and in admitting a document not listed in the pre-trial statement, actions which, appellant asserts, "violated the hearsay exception." (Appellant's Brief at 6.) Under the third assignment of error, appellant contends the video of the September 9, 2020 incident was not an accurate depiction of the incident and, according to appellant, "had been altered." (Appellant's Brief at 6.)

**{¶ 24}** As set forth above, appellant's assignments of error seek to challenge rulings and evidence admitted at trial before the magistrate. However, because appellant did not file objections to the magistrate's decision, he "has a high burden to surmount in obtaining a review of his assignments of error." *Abdulshafi v. Abdulshafi*, 10th Dist. No. 19AP-487, 2020-Ohio-2692, ¶ 14. This court has noted that "when a party does not file objections to the magistrate's decision, there can be no error assigned to any portion of a magistrate's decision on appeal, unless the error is plain." *Id.* at ¶ 11, citing Civ.R. 53(D)(3)(b)(iv). *See also McDougald II* at ¶ 13 ("because appellant failed to file objections to the magistrate's decision in this case, this court is limited to a review for plain error by the trial court in considering the appeal"). In the context of civil cases, an appellate court "must proceed with caution and find plain error only in ' "extremely rare circumstances" where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself.' " *Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13, quoting *Unifund CCR Partners v. Hall*, 10th Dist. No. 09AP-37, 2009-Ohio-4215, ¶ 22, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Further, "[t]he

doctrine implicates errors that are 'clearly apparent on the face of the record and [are] prejudicial to the appellant.' " *PHH Mtge. v. Santiago*, 10th Dist. No. 11AP-562, 2012-Ohio-942, ¶ 9, quoting *Brooks-Lee v. Lee*, 10th Dist. No. 11AP-284, 2012-Ohio-373, ¶ 26, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 25} In addition to "forfeit[ing] these arguments on appeal for other than plain error," the lack of objections "limited the required scope of the trial court's review." *Abdulshafi* at ¶ 18. Pursuant to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Thus, in the absence of objections, the trial court "was only required to review the face of the magistrate's decision for any 'evident' error of law or other defect." *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 28. Conversely, had appellant filed objections "before the trial court, it could have considered" the asserted error appellant "now attempts to raise on appeal." *Abdulshafi* at ¶ 18. However, to consider the error now advanced "would have required the trial court to do more than merely determine if there was 'an error of law or other defect evident on the face of the magistrate's decision.' " *Id.*, quoting Civ.R. 53(D)(4)(c). *See also Hamilton v. Hamilton*, 10th Dist. No. 14AP-1061, 2016-Ohio-5900, ¶ 3, quoting Civ.R. 53(D)(4)(c) (noting that "[w]ithout either objections or a transcript, the trial court was free to adopt the magistrate's decision, unless it determined there was an 'error of law or other defect evident on the face of the magistrate's decision' ").

{¶ 26} In the present case, appellant has not asserted or demonstrated plain error, and the purported errors raised on appeal are not defects evident on the face of the magistrate's decision. Based on the evidence presented at trial, the magistrate concluded appellant failed to prove his claim of negligence by failing to show ODRC had notice, actual or constructive, of an impending attack by another inmate. The decision of the court reflects that it undertook the requisite facial review and found "no error of law or other defect evident on the face of the Magistrate's Decision." (Jan. 11, 2023 Decision at 1.) Based on this court's limited review, and under the "standard of review for the trial court based on the absence of objections," we find no error, plain or otherwise, by the Court of Claims

in adopting the magistrate's decision as there is no error of law or other defect evident on the face of that decision. *Abdulshafi* at ¶ 18.

{¶ 27} Accordingly, appellant's second and third assignments of error are without merit and are overruled.

**IV. Conclusion**

{¶ 28} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————