[Cite as *Moutcheu v. Williams*, 2025-Ohio-5155.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robby Lanky Leugoue Moutcheu, | : | |
| Plaintiff-Appellant, | : | No. 25AP-259 |
| | | (M.C. No. 2024 CVI 046001) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Lesheal Williams, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 13, 2025

**On brief:** *McCreary Law, LLC*, and *Tonya McCreary Williams*, for appellant. **Argued:** *Tonya McCreary Williams*.

APPEAL from the Franklin County Municipal Court

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, Robby Lanky Leugoue Moutcheu, appeals from the judgment of the Franklin County Municipal Court granting dismissal of the case in favor of defendant-appellee, Lesheal Williams. For the following reasons, we reverse the judgment of the trial court and remand the case to that court for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 7, 2024, appellant filed a complaint against appellee seeking damages arising from a September 19, 2024 motor vehicle collision. On November 15, 2024, the parties appeared for a pre-trial hearing and jointly requested a continuance for a referral to attend mediation at a later date. On November 18, 2024, the trial court referred the parties to mediation. The court ordered mediation for January 6, 2025, which the court rescheduled to January 24, 2025, due to inclement weather.

{¶ 3} Both parties attended the January 24, 2025 mediation by phone. This is evidenced by the mediator ("DLC") signing on behalf of both parties at the bottom of the

report acknowledging that they appeared telephonically.  Nonetheless, while completing the mediation outcome report, DLC checked the boxes next to "Participation Declined by" for both "Plaintiff" and "Defendant" under the section titled "Mediation Cancelled." (Feb. 3, 2025 Mediation Outcome Report.)  DLC did not complete the section titled "Mediation Held," nor did DLC fill out the section titled "No Mediation Held."  *Id.*

{¶ 4}  On February 3, 2025, relying on this report, the magistrate issued a decision dismissing the case with prejudice for failure to prosecute.  That same day, the trial court adopted the magistrate's decision and journalized a judgment entry.  The court failed to send notice to appellant prior to entering its dismissal of the case with prejudice.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}  Appellant now appeals the February 3, 2025 judgment and assigns the following two assignments of error for our review:

> 1. The trial court erred as a matter of law when it dismissed the case for want of prosecution when the dismissal was based on an incorrect mediator's report that should not have been considered by the court.
>
> 2. The trial court erred in dismissing the case for failure to prosecute without providing notice to the plaintiff or the counsel.

## III.  STANDARD OF REVIEW

{¶ 6}  Civ.R. 53(D)(3)(b) imposes a duty to assert timely, specific objections in writing to a magistrate's decision.  *Community Properties of Ohio Mgt. v. Smith*, 2023-Ohio-540, ¶ 12 (10th Dist.).  A party's failure to file objections to a magistrate's decision waives all but plain error on appeal.  *Mangan v. Morocho & Garcia Constr., L.L.C.*, 2024-Ohio-2241, ¶ 31 (10th Dist.); *Khasawneh v. Aldamen*, 2024-Ohio-937, ¶ 8 (10th Dist.).  *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").

{¶ 7}  Plain error is error that is clearly apparent on the face of the record and prejudices the appellant.  *Alford v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-4290, ¶ 24

(10th Dist.). In the civil context, for a court to find plain error, an appellant must establish (1) a deviation from a legal rule, (2) the error was obvious, and (3) the error affected the basic fairness, integrity, or public reputation of the judicial process and, therefore, challenged the legitimacy of the underlying judicial process. *State v. Morgan*, 2017-Ohio-7565, ¶ 40, citing *Goldfuss v. Davidson*, 1997-Ohio-401, syllabus. Reviewing courts applying civil plain-error review "must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice." *Goldfuss* at ¶ 24.

## IV. LEGAL ANALYSIS

{¶ 8} For ease of discussion, we will analyze appellant's assignments of error together. Appellant asserts that the trial court misinterpreted DLC's outcome report by erroneously concluding that the parties failed to appear for the mediation. Appellant further claims that the court erred in relying on its misinterpretation of the report to dismiss the case for failure to prosecute without providing notice of its decision. Because appellant did not object to the magistrate's decision, we review appellant's assignments of error under a plain-error standard.

{¶ 9} Under Civ.R. 41(B)(1), when a plaintiff fails to prosecute a claim or complaint, or comply with the civil rules or a court order, "the court . . . on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.) The notice requirement under Civ.R. 41(B)(1) applies to all dismissals with prejudice because a dismissal on the merits " 'is a harsh remedy that calls for the due process guarantee of prior notice.' " *Klaus v. Klosterman*, 2015-Ohio-2545, ¶ 27 (10th Dist.), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). Notice is essential to ensure due process and to allow the party to explain or correct the default. *Logsdon v. Nichols*, 1995-Ohio-225, ¶ 18-19. A trial court on its own motion must not dismiss on the merits without prior notice. *Mindala* at 101.

{¶ 10} Generally, it is within the discretion of the trial judge to promote and encourage settlements to prevent litigation. *Rulli v. Fan Co.*, 1997-Ohio-380, ¶ 8. However, a trial judge cannot force parties into a settlement. *Id*. A trial judge may only order the parties to accept the opportunity that the trial judge is providing to facilitate

serious, realistic efforts to finally resolve the issues that separate them. *See Derolph v. State*, 2001-Ohio-1896, ¶ 13.

{¶ 11} Here, the trial court ordered this case to mediation. The notice of mediation did not specify that the parties had to resolve their issues through mediation. It only required that the parties appear for mediation.

{¶ 12} Looking at DLC's report, nowhere on the report is it noted that either party failed to appear for the mediation. Yet, the trial court's decision relies solely on the belief that neither party appeared for mediation. Had DLC completed the section of the report titled "No Mediation Held," then the court's interpretation of the report would be correct. (Feb. 3, 2025 Mediation Outcome Report.) However, that is not the case in this instance. The report notates that the parties did attend the mediation but "Participation [was] Declined by Plaintiff and Defendant," evidenced by the signatures of both parties, signed on behalf of DLC. *Id.* This shows that the parties did appear for the mediation and, thus, complied with the court's order.

{¶ 13} The trial court failed to acknowledge the signatures, signed on behalf of DLC, that evidenced that both parties appeared for the mediation. By failing to acknowledge these signatures, the court erred in determining that neither party appeared for the mediation. Had the court analyzed the report properly, it would have concluded that the parties did appear. Consequently, the trial court committed plain error in dismissing this case for failure to prosecute, with prejudice, based on the incorrect notion that the parties did not attend mediation.

{¶ 14} Additionally, the lack of notice, combined with the expedited nature of the trial court's adoption of the magistrate's decision, deprived the appellant of the opportunity to object, correct the record, or otherwise address the erroneous information contained in DLC's report. Relying solely on the incorrect belief that the parties did not appear for the mediation, the magistrate issued a decision dismissing the case, with prejudice, for the failure to prosecute. The same day of the magistrate's decision, and without notifying the appellant of its intent to do so, the court adopted the magistrate's decision, erroneously agreeing that both parties failed to participate in mediation. Consequently, appellant was denied the procedural protections required by Civ.R. 41(B)(1) designed to ensure fairness in judicial proceedings. Had notice been sent to appellant, appellant would have been able

to correct the mistake on DLC's outcome report. Since appellant was not able to do so, the outcome of this case was seriously affected, rendering the dismissal not merely procedurally deficient but unjust fundamentally.

{¶ 15} Thus, the immediate dismissal of this case with prejudice, based on the misinterpretation of the DLC's report, and the failure of the trial court to provide notice of its decision to appellant, constitutes plain error. These actions violate the explicit notice requirement under Civ.R. 41(B)(1), which ultimately deprived appellant of due process, and undermines the integrity of the judicial process. As a result, we sustain both of appellant's assignments of error.

**V. CONCLUSION**

{¶ 16} For the foregoing reasons, we sustain both of appellant's assignments of error. We reverse the judgment of the Franklin County Municipal Court and remand this matter for further proceedings consistent with law and this decision.

*Judgment reversed*;
*cause remanded.*

BOGGS and DINGUS, JJ., concur.

_____